## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GRAY PETERSON, ) | |
|    Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | 10-CV-59-WDM-MEH |
| ) | |
| ALVIN LACABE, ) | |
| in his official capacity as Manager of ) | |
| Safety for the City and County of ) | |
| Denver, ) | |
| and ) | |
| PETER WEIR, in his official ) | |
| capacity as Executive Director of ) | |
| the Colorado Department of Public ) | |
| Safety, ) | |
|    Defendants. ) | |

## AMENDED COMPLAINT

### I. INTRODUCTION

1.  This action, under 42 U.S.C. § 1983, seeks a declaratory judgment that the Colorado statute requiring an applicant for a permit to carry a concealed handgun ("CHL") to be a resident of the State of Colorado violates the Privileges and Immunities Clause of the Constitution of the United States, the Second Amendment to the Constitution of the United States, and the

Fourteenth Amendment to the Constitution of the United States, together with an appropriate injunction.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

3. Venue is proper because Defendants have their offices in this District and the events giving rise to this action occurred in this District.

## III. PARTIES

4. Plaintiff Gray Peterson is a citizen and resident of the State of Washington and a citizen of the United States.

5. Defendant LaCabe is the Manager of Safety for the City and County of Denver and the *ex officio* sheriff of Denver County.

6. Defendant Weir is the Executive Director of the State of Colorado Department of Public Safety.

## IV. FACTUAL BACKGROUND

7. Plaintiff is a frequent visitor to Denver.

8. When he visits Denver, Peterson wishes to exercise his right to keep and bear arms by carrying a functional handgun for self defense.

9. C.R.S. § 18-12-105 prohibits the carrying of a concealed firearm outside of one's own dwelling, place of business, or a private automobile without a CHL.

10. Denver Ord. § 38-117(a) prohibits the carrying of a concealed firearm outside one's dwelling or place of business without a CHL.

11. Denver Ord. § 38-117(b) prohibits the carrying of a firearm outside one's dwelling or place of business without a CHL.

12. C.R.S. § 18-12-203(1)(a) prohibits issuing a CHL to a non-resident of Colorado.

13. C.R.S. § 18-12-203 vests the sheriffs of the several counties with authority to issue CHLs.

14. As *ex officio* sheriff of Denver County, Defendant LaCabe is responsible for receiving and processing applications for CHLs in Denver County.

15. Denver Ord. § 38-117.5 vests Defendant LaCabe or his designee with authority to issue CHLs.

16. On or about June 2, 2009, Plaintiff applied for a CHL from Defendant LaCabe.

17. At the time of his application, Defendant LaCabe's staff told Plaintiff that Plaintiff was wasting him money applying for a CHL because as a non-resident Plaintiff was not eligible to receive a CHL.

18. Despite this warning, Plaintiff submitted his CHL application.

19. Except for his non-residency, Plaintiff met all other qualifications to receive a CHL.

20. Except for Plaintiff's non-residency, Defendants found no reason not to issue Plaintiff a CHL.

21. On or about July 2, 2009, Defendant LaCabe sent Plaintiff a letter, notifying Plaintiff that his application for a CHL would be denied.

22. The denial letter stated that "It has been determined that pursuant to the criteria established in Colorado Revised Statute 18-12-203 you are not eligible to receive a Concealed Handgun Permit."

23. The denial letter did not state the specific factor(s) of ineligibility that applied to Plaintiff.

24. The denial letter stated that Plaintiff could contact Lawrence Valencia of the Denver Police Department for further information.

25. On or about July 17, 2009, Plaintiff contacted Valencia via email.

26. Plaintiff's email asked 1) the reason for the denial; and 2) whether Defendant LaCabe had personally reviewed Plaintiff's application before denying it.

27. On July 17, 2009, Valencia responded to Plaintiff's email.

28. In Valencia's response, Valencia stated that Defendant LaCabe had personally reviewed Plaintiff's application before denying it.

29. Also in Valencia's response, Valencia stated that Plaintiff would have to submit "NEW" information in order to be successful in an appeal of the denial.

30. Valencia's response did not state the reason for the denial of Plaintiff's CHL application.

31. On July 17, 2009, Plaintiff replied to Valencia.

32. In Plaintiff's reply, Plaintiff again asked for the reason for the denial, stating that he could not "make an informed decision of whether I am able to give new information as to why I should have a permit without knowing the very specific reasons for the initial denial."

33. On July 17, 2009, Valencia further responded to Plaintiff.

34. In his further response, Valencia said, "I think you already know why you were denied," and did not state any reasons for the denial.

35. On July 17, 2009, Plaintiff further replied to Valencia.

36. In his further reply, Plaintiff asked once again for the specific reason for the denial. Plaintiff asked for a "simple yes or no answer" to the question, "Was

      my CHL application denied due to my lack of residency or property in the City and County of Denver?"

37. On July 17, 2009, Valencia gave a one-word final response of "no."

38. On July 17, 2009, Plaintiff sent an email to Defendant LaCabe.

39. In the email, Plaintiff asked Defendant LaCabe the reason for LaCabe's denial of Plaintiff's CHL application.

40. To date, Defendant LaCabe has not responded to Plaintiff's email.

41. On August 11, 2009, Plaintiff's counsel sent a letter to Defendant LaCabe via email and U.S. Mail.

42. In the letter, Plaintiff's counsel requested the reason for LaCabe's denial of Plaintiff's CHL application.

43. To date, Defendant LaCabe has not responded to Plaintiff's counsel's letter.

44. The reason Defendant LaCabe denied Plaintiff's CHL application is that Plaintiff is not a resident of the State of Colorado.

45. Plaintiff has a CHL issued by the State of Florida.

46. Plaintiff has a CHL issued by the State of Washington.

47. C.R.S. § 18-12-213 provides for reciprocity and recognition by Colorado for certain CHLs issued by other states.

48. Pursuant to C.R.S. § 18-12-213(1), there is no reciprocity for CHLs issued by states that do not recognize and provide reciprocity to Colorado CHLs.

49. The State of Washington does not recognize and provide reciprocity to Colorado CHLs.

50. Plaintiff possesses a valid CHL issued by the State of Washington.

51. The State of Colorado does not recognize and provide reciprocity to Washington CHLs.

52. Pursuant to C.R.S. § 18-12-213(1)(b)(I), there is no reciprocity for CHLs issued by a state to a non-resident of that state.

53. Because of the licensing and regulatory scheme enacted and enforced by Defendants, Plaintiff is unable to bear arms in Denver in any meaningful way.

54. As Executive Director of the Department of Public Safety for the State of Colorado, Defendant Weir is primarily responsible for administering the recognition and reciprocity of CHLs issued by other states.

## Count 1 – Violation of Privileges and Immunities Clause by Defendants Valencia and LaCabe

55. By denying Plaintiff's CHL application on account of Plaintiff's non-residency, Defendant LaCabe violated the Privileges and Immunities Clause of Article IV, Sec. 2 of the Constitution of the United States.

## Count 2 – Violation of Privileges and Immunities Clause by Defendant Weir

56. By refusing to give reciprocity to Plaintiff's CHL issued by the State of Florida, when Defendant Weir gives such reciprocity to CHLs issued by the State of Florida to residents of the State of Florida, Defendant Weir has violated the Privileges and Immunities Clause of Article IV, Sec. 2 of the Constitution of the United States.

## Count 3 – Violation of Equal Protection Clause by Defendant LaCabe

57. By denying Plaintiff's CHL application on account of Plaintiff's non-residency, Defendant LaCabe denied Plaintiff the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

## Count 4 – Violation of Equal Protection Clause by Defendant Weir

58. By refusing to give reciprocity to Plaintiff's CHL issued by the State of Florida, when Defendant Weir gives such reciprocity to CHLs issued by the State of Florida to residents of the State of Florida, Defendant Weir has denied Plaintiff the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

**<u>Count 5 – Violation of Second Amendment by All Defendants</u>**

59. By prohibiting any meaningful opportunity for Plaintiff to bear arms in the City and County of Denver through a licensing scheme that precludes Plaintiff from obtaining a necessary license to bear arms, Defendants have violated Plaintiff's right to bear arms guaranteed by the Second Amendment to the Constitution of the United States.

**<u>Count 6 – Violation of Due Process Clause and Privileges or Immunities Clause</u>**

60. By prohibiting any meaningful opportunity for Plaintiff to bear arms in the City and County of Denver through a licensing scheme that precludes Plaintiff from obtaining a necessary license to bear arms, Defendants have violated Plaintiff's right to bear arms that pre-existed the Constitution and Plaintiff's right to travel, in violation of the Due Process Clause and the Privileges or

Immunities Clause of the Fourteenth Amendment to the Constitution of the United States.

**Prayer for Relief**

Plaintiffs demand the following relief:

61. A declaration that C.R.S. § 18-12-203(1)(a) is unconstitutional to the extent it does not allow nonresidents of Colorado to apply for and obtain a CHL, because it violates the Privileges and Immunities Clause, the Equal Protection Clause, the Second Amendment right to bear arms, and the Fourteenth Amendment right to bear arms, of the Constitution of the United States.

62. An injunction prohibiting Defendants from denying nonresidents of Colorado the right to apply for and obtain a CHL, solely on account of their nonresident status.

63. A declaration that C.R.S. § 18-12-213(1)(b)(I) is unconstitutional to the extent it does not give reciprocity and recognition to CHLs issued by other states to nonresidents of such states, because it violates the Privileges and Immunities Clause and the Equal Protection Clause of the Constitution of the United States.

64. An injunction requiring Defendants to give reciprocity and recognition to CHLs issued by other states to nonresidents of such states to the same extent Defendants give reciprocity and recognition to CHLs issued by other states to residents of such states.

65. A jury to try this case.

66. Costs of bringing and maintaining this action, including reasonable attorney's fees.

67. Any other relief the Court deems proper.

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
Attorney at Law
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (770) 552-9318
john.monroe1@earthlink.net

ATTORNEY FOR PLAINTIFFS