IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00059-WDM-MEH

GRAY PETERSON,

    Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver, and

PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

    Defendants.

---

### CITY AND COUNTY OF DENVER'S ANSWER TO AMENDED COMPLAINT

---

    Defendant City and County of Denver (the City), through undersigned counsel, answers Plaintiff's Amended Complaint, filed February 8, 2010, as follows:

1.    Paragraph 1 of the amended complaint is a summary of legal conclusions and relief by Plaintiff, and is summarily denied.

2.    Admitted.

3.    Admitted.

4.    The City is without sufficient information to admit or deny the allegations of paragraph 4 of the amended complaint and therefore denies the same.

5.    Admitted.

6.    Admitted.

7.    The City is without sufficient information regarding the allegation of paragraph 7 of the amended complaint and therefore denies the allegation.

8. The City is without sufficient information regarding the allegation of paragraph 8 of the amended complaint and therefore denies the allegation.

9. Paragraph 9 of the amended complaint states a legal conclusion, not a factual allegation. However, Plaintiff's allegation that the statute prohibits the carrying of a concealed weapon without a CHL is denied. The statute refers to a concealed weapon permit, not a CHL.

10. Same response as to paragraph 10 of the amended complaint.

11. Same response as to paragraph 11 of the amended complaint.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. The City admits that Plaintiff submitted an application for a permit to carry a concealed weapon.

19. The City is without sufficient information regarding the allegations of paragraph 19 of the amended complaint and therefore denies the same.

20. Denied.

21. The City admits that a letter was sent to Plaintiff notifying him that his application for a permit to carry a concealed handgun was denied.

22. Admitted.

23. The denial letter speaks for itself.

24. Admitted.

25. The City is without sufficient information regarding the allegations of paragraph 25 of the amended complaint and therefore denies the same.

26. The City is without sufficient information and therefore denies the allegations of paragraph 26 of the amended complaint.

27.     The City admits that on or about July 17, 2009, Sgt. Valencia of the Denver Police Department spoke with Plaintiff.

28.     The City is without sufficient information and therefore denies the allegations of paragraph 28 of the amended complaint.

29.     The City is without sufficient information and therefore denies the allegations of paragraph 29 of the amended complaint.

30.     The City is without sufficient information and therefore denies the allegations of paragraph 30 of the amended complaint.

31.     The City is without sufficient information and therefore denies the allegations of paragraph 31 of the amended complaint.

32.     The City is without sufficient information and therefore denies the allegations of paragraph 32 of the amended complaint.

33.     The City is without sufficient information and therefore denies the allegations of paragraph 33 of the amended complaint.

34.     The City is without sufficient information and therefore denies the allegations of paragraph 34 of the amended complaint.

35.     The City is without sufficient information and therefore denies the allegations of paragraph 35 of the amended complaint.

36.     The City is without sufficient information and therefore denies the allegations of paragraph 36 of the amended complaint.

37.     Denied.

38.     The City is without sufficient information and therefore denies the allegations of paragraph 38 of the amended complaint.

39.     The City is without sufficient information and therefore denies the allegations of paragraph 39 of the amended complaint.

40.     The City is without sufficient information and therefore denies the allegations of paragraph 40 of the amended complaint.

41.     The City is without sufficient information and therefore denies the allegations of paragraph 41 of the amended complaint.

42. The City is without sufficient information and therefore denies the allegations of paragraph 42 of the amended complaint.

43. The City is without sufficient information and therefore denies the allegations of paragraph 43 of the amended complaint.

44. The City admits that Plaintiff's application for a concealed handgun permit was denied because Plaintiff is not a resident of the state of Colorado.

45. The City is without sufficient information and therefore denies the allegations of paragraph 45 of the amended complaint.

46. The City is without sufficient information and therefore denies the allegations of paragraph 46 of the amended complaint.

47. Paragraph 47 of the complaint is a legal conclusion, not a factual allegation, and is therefore denied.

48. Paragraph 48 of the complaint is a legal conclusion, not a factual allegation, and is therefore denied.

49. The City is without sufficient information and therefore denies the allegations of paragraph 49 of the amended complaint.

50. The City is without sufficient information and therefore denies the allegations of paragraph 50 of the amended complaint.

51. The City is without sufficient information and therefore denies the allegations of paragraph 51 of the amended complaint.

52. Paragraph 52 of the complaint is a legal conclusion, not a factual allegation, and is therefore denied.

53. Denied.

54. The City is without sufficient information as to Mr. Weir's duties and responsibilities and therefore denies the allegations of paragraph 54 of the amended complaint.

55. Denied.

56. (This allegation applies to Defendant Weir only).

57. Denied.

58. (This allegation applies to Defendant Weir only).

59. Denied.

60. Denied.

## **AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to bring some or all of his claims.

3. Plaintiff has failed to comply with all statutory requirements regarding an application for a concealed handgun permit.

WHEREFORE, Defendant City and County of Denver requests that the Court dismiss Plaintiff's amended complaint with prejudice and award costs and attorneys fees and such other relief as the Court may deem just and proper. Further, Defendants asks the Court to strike Plaintiff's demand for a jury trial as he is not entitled to a trail by jury in his claims for equitable relief.

DENVER CITY ATTORNEY'S OFFICE


*s/ Linda M. Davison*
_____
**Linda M. Davison,** #10885
Assistant City Attorney
1200 Federal Blvd., 4th Floor
Denver, CO 80204
Telephone: 720-944-2626
Fax: 720-944-3210
E-mail: linda.davison@denvergov.org
**David Broadwell**, #120177
1437 Bannock St., Rm. 353
Denver, CO 80202
Telephone: 720-865-8754
Fax: 720-865-8796
E-mail: david.broadwell@denvergov.org

5

## CERTIFICATE OF SERVICE

  I certify that on the 1st day of March, 2010, I electronically filed the foregoing ANSWER TO AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

john.monroe1@earthlink.net
diane.dash@state.co.us


        DENVER CITY ATTORNEY'S OFFICE


        *s/ Linda M. Davison*
        _____
        **Linda M. Davison,** #10885
        Assistant City Attorney
        1200 Federal Blvd., 4th Floor
        Denver, CO 80204
        Telephone: 720-944-2626
        Fax: 720-944-3210
        E-mail: linda.davison@denvergov.org