IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00059-WDM-MEH

GRAY PETERSON,

Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and
County of Denver, and

PETER WEIR, in his official capacity as Executive Director of the Colorado
Department of Public Safety,

Defendants.

---

## MOTION TO DISMISS EXECUTIVE DIRECTOR PETER WEIR AND COLORADO ATTORNEY GENERAL'S REQUEST TO BE HEARD

---

Defendant, Executive Director Peter Weir, in his official capacity, through

the undersigned Senior Assistant Attorney General, submits the following motion

to dismiss and submits the Colorado Attorney General's request to be heard on the

constitutionality of Colorado statutes.

### INTRODUCTION

Plaintiff Gray Peterson filed an Amended Complaint alleging, among other

things, that Colorado's statutes regarding permits to carry concealed handguns, as

codified at § 18-12-201, et seq. of the Colorado Revised Statutes ("C.R.S."), is

unconstitutional as applied to Plaintiff in violation of the Privileges and Immunities

Clause, the Equal Protection Clause, the Second Amendment right to bear arms,

and the Fourteenth Amendment right to bear arms in violation of the Constitution

of the United States.

Due to the nature of the proceeding instituted by Plaintiff, this Court lacks

subject matter jurisdiction over Executive Director Weir due, among other reasons,

to operation of the Eleventh Amendment to the U.S. Constitution, because

Executive Director Weir has no enforcement powers at issue in this case and can

therefore not be enjoined from such conduct.

Despite the procedural and jurisdictional hurdles inherent in Plaintiff's

lawsuit, the Office of the Attorney General, as attorney on behalf of the State of

Colorado, wishes and is entitled to be heard on the issue of the constitutionality of

Colorado's statutes, as challenged by Plaintiff, regarding permits to carry

concealed handguns.

## MOTION TO DISMISS EXECUTIVE DIRECTOR WEIR

1.  Executive Director Weir has no enforcement power to issue or deny a

permit to carry a concealed handgun in the State of Colorado.

Pursuant to Colorado statute, the power to issue or deny a permit to carry a

concealed handgun lies with the sheriff of a county or the official having the duties

2

of a sheriff in a city and county.  C.R.S. Section 18-12-201 (3) states that "the

general assembly hereby instructs each sheriff to implement and administer" the

statutory scheme for issuing or denying permits to applicants for concealed

handguns.  The statute provides for local, not state, control over the issuance or

denial to individuals of these permits.  Plaintiff's Amended Complaint fails to set

forth any allegations indicating a role or a power held by Executive Director Weir

in the denial of Plaintiff's application for a permit to carry a concealed handgun in

Colorado.

　　　2.  Executive Director Weir has no enforcement power or authority over

whether another state "recognizes the validity of permits" issued by Colorado for

the purpose of reciprocity.

　　　Colorado statute, C.R.S. Section 18-12-213, allows another state's permit to

carry a concealed handgun or weapon to be recognized as valid in Colorado under

certain circumstances and negating the need to issue a Colorado permit.

　　　As with the issuance or denial of a permit, Executive Director Weir lacks

authority to enforce the provisions of "reciprocity" and lacks authority to

determine whether another state's reciprocity can substitute for the issuance of a

valid Colorado concealed carry permit.  Rather, the role of Executive Director

Weir, within the Colorado Department of Public Safety, is to merely maintain a

database of states with which Colorado maintains reciprocity.  Executive Director

Weir lacks the power and authority to require other states to recognize Colorado

permits for concealed handguns, as required by statute for reciprocity.

      3.   The Eleventh Amendment of the U.S. Constitution bars suit against

Executive Director Weir.

      Although citizens may not generally sue states in federal court under the

Eleventh Amendment, the *Ex parte Young* doctrine has carved out an alternative,

permitting citizens to seek prospective equitable relief for violations of federal law

committed by state officials in their official capacities.  *Ex parte Young*, 209 U.S.

123, 159-160 (1908).  For the exception to Eleventh Amendment immunity in *Ex

parte Young* to apply, there must be some connection between the defendant's

enforcement power and the law at issue.  *Id*. at 157 ("In making an officer of the

State a party defendant in a suit to enjoin the enforcement of an act alleged to be

unconstitutional, it is plain that such officer must have some connection with the

enforcement of the act, or else it is merely making him a party as a representative

of the state, and thereby attempting to make the state a party.")  As stated above,

Executive Director Weir has no role or power in the issuance or denial of permits

to carry concealed handguns or in granting reciprocity from another state.

4

Accordingly, any injunctive or declaratory relief against Executive Director Weir with regard to this statute will have no effect due to his lack of authority in providing Plaintiff with a permit to carry a concealed handgun in Colorado. As there is no nexus that exists between the issuance of a permit to Plaintiff and Executive Director Weir's enforcement power over the actions of a sheriff, the exception set forth in *Ex Parte Young* is inapplicable, and the immunity granted by the Eleventh Amendment applies to bar suit against Executive Director Weir in this case. The Court therefore lacks subject matter jurisdiction over Executive Director Weir.

## COLORADO ATTORNEY GENERAL'S REQUEST TO BE HEARD

Upon applicable statutes and rules, the Attorney General of the State of Colorado is to be notified when a Colorado statute is challenged.

1. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and is entitled to be heard and, if the statute, ordinance, or franchise is alleged to be unconstitutional, *the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.* (emphasis added)

C.R.S. Section 13-51-115.

2. (j) Parties: Municipal Ordinances. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be

5

affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and is entitled to be heard, and *if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and is entitled to be heard.* (emphasis added)

Colorado Rules of Civil Procedure, Rule 57

3. By local rule in the U.S. District Court for the District of Colorado, the

Attorney General of the State of Colorado is entitled to notice when any person

challenges the constitutionality of a Colorado statute.

B. State Statute. A party who questions the constitutionality of a state statute in an action where neither that state nor any of its agencies, officers, or employees is a party shall file with the court written notice stating the case title, identifying each questioned statute, and describing the grounds on which unconstitutionality is asserted. The party raising such question shall serve a copy of this written notice on the attorney of the state involved by certified mail, return receipt requested, and file proof of service with the court.

D.C.COLO.LCivR 24.1
CLAIM OF UNCONSTITUTIONALITY

4. It is clear that the attorney general must be served with a copy of the

proceeding and afforded the opportunity to be heard. *Meier v. Schooley*, 363 P.2d

653 (1961). Under Colorado law, it is within the discretion of the Attorney

General whether or not he elects to be heard. *Lakewood Pawnbrokers, Inc. v. City

of Lakewood*, 512 P.2d 1241, 1242 (Colo.1973).

6

In this case, the Attorney General, on behalf of the State of Colorado, wishes to be heard on the constitutionality of Colorado's statutes regarding issuance or denial of permits to carry concealed handguns.

## SUMMARY AND CONCLUSION

Although Executive Director Peter Weir is not a proper defendant in this lawsuit, applicable Colorado law requires that the Attorney General be heard regarding the constitutionality of Colorado statutes.  Given the procedural constraints present in Plaintiff's lawsuit, the Attorney General submits that, in this instance, an *amicus* role is an appropriate and proper way to address the constitutional issues raised by Plaintiff with regard to Colorado's permit to carry concealed handgun statutes.

Accordingly, the Attorney General's Office, on behalf of the State of Colorado, submits herewith a motion for leave to appear *amicus curiae* in the proceedings in this matter.

WHEREFORE, for the foregoing reasons, Executive Director Weir respectfully requests an order dismissing him from the above captioned lawsuit and for such other relief as the Court deems appropriate.

JOHN W. SUTHERS
Attorney General

7

s/ Diane Marie Dash
_____
DIANE MARIE DASH*
Senior Assistant Attorney General
Public Safety Unit
Criminal Justice Section
Attorneys for Colorado Department of Public
   Safety

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  303-866-5439
FAX:  866-858-7486
E-Mail:  diane.dash@state.co.us
*Counsel of Record


<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on March 1, 2010, I electronically filed the foregoing

MOTION TO DISMISS EXECUTIVE DIRECTOR PETER WEIR and

COLORADO ATTORNEY GENERAL'S REQUEST TO BE HEARD with the

Clerk of Court using the CM/ECF system which will send notification of such filing

to the following email addresses:

John.monroe1@earthlink.net

Linda.davison@denvergov.org


<u>s/ Diane Marie Dash</u>