# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION FILE NO.  10-CV-59-WDM-MEH

GRAY PETERSON,
    Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver,
and
PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,
    Defendants.

## PROPOSED SCHEDULING ORDER

The Parties propose the following as the Court's scheduling order pursuant to Doc. 3.

**1. Date of Conference and Appearances of Counsel:**

The Scheduling Conference was held on March 30, 2010.  John R. Monroe (678 362 7650) appeared for Plaintiff Gray Peterson.  Linda Davison (720 944 2626) appeared for Defendant Alvin LaCabe.  Diane Dash (303 866 5439) appeared for Defendant Peter Weir.

**2. Statement of Jurisdiction.**  The Court has subject matter jurisdiction because the legal issues involve federal questions.  28 U.S.C. § 1331.

**3. Statement of Claims and Defenses**

**a: Plaintiff:** Plaintiff claims that Defendant LaCabe violated Plaintiff's 14th Amendment right to travel, his 14th Amendment privileges or immunities, his Article IV Privileges and Immunities, his 14th Amendment Equal Protection rights, his 2nd Amendment rights, and his 14th Amendment due

process rights by denying Plaintiff's application for a Colorado concealed handgun permit on account of Plaintiff's non-residency. Plaintiff claims that Defendant Weir violated Plaintiff's 14th Amendment right to travel, his 14th Amendment privileges or immunities, his Article IV privileges and immunities, his 14th Amendment Equal Protection rights, his 2nd Amendment rights, and his 14th Amendment due process rights by refusing to honor Plaintiff's out of state permits.

**b. Defendant LaCabe:** Defendant LaCabe denies any violation of Plaintiff's 14th Amendment right to travel, his 14th Amendment privileges or immunities, his Article IV Privileges and Immunities, his 14th Amendment Equal Protection rights, his 2nd Amendment rights, and his 14th Amendment due process rights. Pursuant to §18-12-203(1)(a), C.R.S. (2009), Manager of Safety LaCabe denied Plaintiff's application for a permit to carry a concealed handgun because Plaintiff is not a resident of the state of Colorado. Defendant has also raised affirmative defenses of failure to state a claim upon which relief can be granted, lack of standing, and failure to comply with all statutory requirements for a permit to carry a concealed handgun.

**c. Defendant Weir**: Defendant Weir asserts the Eleventh Amendment of the U.S. Constitution bars suit against him as a state official in his official capacity. Defendant Weir further asserts that the exception to Eleventh Amendment immunity for prospective equitable relief does not apply because, in his role as Executive Director of Public Safety, he has no enforcement power to issue or deny permits to carry concealed handguns and no enforcement power to grant or deny reciprocity of permits issued by other states. Defendant Weir further asserts that the Colorado Attorney General is to be notified when the constitutionality of a Colorado statute is challenged and is afforded the opportunity to be heard in an *amicus* role, as a non-party.

**4. Undisputed facts.**  The Parties do not dispute that:

1. On or about June 2, 2009, Plaintiff filled out an application in Denver County for a permit to carry a concealed handgun.

2. Defendant LaCabe is the Manager of Safety for the City and County of Denver and the *ex officio* sheriff of Denver County.

3. Pursuant to §18-12-203, C.R.S (2009), Defendant LaCabe or his designee is vested with statutory authority to issue a permit to carry a concealed handgun to an applicant who meets all statutory criteria for obtaining a permit.

4. Plaintiff is not a resident of the State of Colorado.

5. On or about July 2, 2009, Defendant LaCabe sent Plaintiff a letter notifying Plaintiff that his application was denied.

6. Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado as required by §18-12-203((1)(a), C.R.S. (2009).

7. Defendant Weir is the Executive Director for the Department of Public Safety of the State of Colorado.

**5. Computation of Damages.**  Plaintiff is not seeking damages in this case.

**6. Report of Preconference Discovery Meeting Under Fed. R. Civ. P. 26(f).**

a. The meeting took place on March 9, 2010.

b. John R. Monroe (678 362 7650) appeared for Plaintiff Gray Peterson.  Linda Davison (720 944 2626) appeared for Defendant Alvin LaCabe.  Diane Dash (303 866 5439) appeared for Defendant Peter Weir.

c. Rule 26(a)(1) disclosures will be made by March 23, 2010.

d. No changes are proposed in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

e. No agreements have been made to conduct informal discovery.

f. Extensive discovery is not expected to be necessary in this case, so it will not be necessary or appropriate to attempt to reduce discovery.

g. It is not anticipated that claims or defenses will involve extensive electronically stored information.

h. The parties have a dispute of the constitutionality of laws at issue in this case and do not believe it is possible to settle the case.

**7. Consent Regarding Magistrate Judge.**  All parties have not consented to the exercise of jurisdiction of a magistrate judge.

**8. Discovery Limitations.**  The parties do not propose limitations of discovery beyond the limitations contained in the Fed. R. Civ. P. Motions for protective orders and motions to compel discovery must be filed before the close of discovery.

**9. Case Plan and Schedule.**

a. Joinder of parties and amendment of pleadings must be completed by March 23, 2010.

b. Discovery shall be completed by August 31, 2010.

c. Dispositive motions shall be filed by September 30, 2010.

d. The parties do not anticipate using expert witnesses.

e. It is not clear if the parties will require depositions, but if they do, depositions would be expect to be limited to the parties and their employees.

f. Interrogatories must be served by July 12, 2010.

g. Requests for production and admissions must be served by July 12, 2010.

**10. Further Conferences**

a. A settlement conference will be held on _____ at ____ o'clock __ m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )     Pro se parties and attorneys only need be present.

( )     Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.    Status conferences will be held in this case at the following dates and times:

_____

c. A final pretrial conference will be held in this case on _____ at _____ o'clock \_\_ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

**11. Other Scheduling Matters.**

a. No discovery or scheduling issues are outstanding.

b. If a trial is needed, it is expected to be 1-2 days. Plaintiff has requested a jury trial but Defendants do not believe Plaintiff is entitled to a jury trial. The parties, however, expect that this case will be decided on summary judgment.

c. No pretrial proceedings would be more efficiently or economically conducted in Colorado Springs.

**12. Notice to Counsel and Pro Se Parties**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.L.CivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.L.CivR 7.1A.

In addition to filing an appropriate notice with the clerk's office a pro se party must file a copy of the  notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to the this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

**13. Amendments to Scheduling Order**

This Order may only be amended or altered upon a showing of good cause.

BY THE COURT:

Michael E. Hegarty
Unites States Magistrate Judge

Approved as to form:

/s/ John R. Monroe
John R. Monroe
Attorney for Plaintiff
9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net

/s/ Linda M. Davison
Linda M. Davison
Attorney for Defendant LaCabe
Assistant City Attorney
Denver Dept. of Human Services
1200 Federal Blvd., 4th Floor
Denver, CO  80204
720-944-2626
Linda.davison@denvergov.org

      /s/ Diane Marie Dash
Diane Marie Dash
Attorney for Defendant Weir
Senior Assistant Attorney General
Criminal Justice Section
303-866-5439
Diane.dash@state.co.us