**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION FILE NO.  10-CV-59-WDM-MEH

GRAY PETERSON,
    Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver,
and
PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

    Defendants.

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT WEIR'S
MOTION TO DISMISS**

---

## Introduction

Plaintiff commenced this civil rights action to challenge Defendant LaCabe's denial of Plaintiff's application for a Colorado handgun permit ("CHL") because of Plaintiff's non-residency, and to challenge Defendant Weir's refusal to recognize Plaintiff's permits issued by his home state of Washington and the State of Florida. Plaintiff's claims are based on various provisions in the Constitution of the United

States and 42 U.S.C. § 1983. Weir has moved to dismiss [Doc. 6], claiming (without evidence) that he is not responsible for Plaintiff's harm.

Because Plaintiff has alleged sufficient facts in the Amended Complaint to establish a valid claim against Weir, Weir's motion should be denied.

**Argument**

Weir claims he should be dismissed from this case because, he alleges, this Court "has no subject matter jurisdiction over him." This statement appears to be a blend of the concepts of subject matter jurisdiction and personal jurisdiction. Weir's brief, however, makes no claims related to personal jurisdiction. Plaintiff will concentrate, therefore, on the Court's subject matter jurisdiction and the sufficiency of the Amended Complaint to state a claim for which relief may be granted.

**I. Weir's Motion Must be Treated As One under Rule 12(b)(6)**

A motion to dismiss for lack of subject matter jurisdiction is made under Fed. R. Civ. P. 12(b)(1) . But, "When a complaint is drawn to rely directly upon a federal statute, so that the question of the court's jurisdiction is intertwined with the merits of the case, the general rule is that a federal court possesses jurisdiction and should decide the case on its merits." *Bloomer v. Norman Regional Hospital,* 2000 U.S. App. LEXIS 16099, 5, 2000 Colo. J.C.A.R. 4252 (10th Cir. 2000), *citing Bell v. Hood,* 327

U.S. 678, 681-83; *Davoll v. Webb,* 194 F.3d 1116, 1129 (10th Cir. 1999). "Under these circumstances, the court should resolve its jurisdictional inquiry either 'under Fed. R. Civ. Proc. 12(b)(6) or, after proper conversion into a motion for summary judgment, under Rule 56.'" *Bell,* 327 U.S. at 682-83; *Davoll,* 194 F.3d at 1129.

In the instant case, Plaintiff has drawn his complaint to rely directly on several provisions of the Constitution of the United States and therefore on 42 U.S.C. § 1983. Under *Bloomer, Bell,* and *Hood,* the Court has subject matter jurisdiction and must therefore consider Weir's Motion as one under Rule 12(b)(6) or under Rule 56. Conversion of a motion from Rule 12(b)(6) to Rule 56 only applies when "matters outside the pleadings are presented to and not excluded by the court." *R.W. Beck, Inc. v. E3 Consulting LLC,* 577 F.3d 1133, 1146 (10th Cir. 2009). Because Weir did not include any evidence or affidavits with his Motion, he has not presented matters outside the pleadings to the Court. His Motion, therefore, must be treated as one under Rule 12(b)(6).

## II. The Amended Complaint Contains Sufficient Allegations

In considering a motion to dismiss under Rule 12(b)(6), the court must "accept all the well-pleaded allegations of the complaint as true and … construe them in a light most favorable to the plaintiff." *Ellis v. Ogden City,* 589 F.3d 1099, 1102 (10th

Cir. 2009), *citing David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1997).  The Court must determine "whether the complaint contains enough facts to state a claim to relief that is plausible on its face."  *Ellis,* 589 F.3d at 1102.  "[O]nce a claim for relief has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint…. Once a claim for relief has been stated, a plaintiff receives the benefit of imagination so long as the hypotheses are consistent with the complaint."  *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 562 (2007) [citations omitted].   "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id.* at 563.  With this legal background, Plaintiff will address Weir's specific arguments.

### III.  Weir Has Not Cited Any Deficiency in the Amended Complaint

In his Motion, Weir failed to cite to a single deficiency in the Amended Complaint.  He made no attempt to analyze the Amended Complaint using the standard of even if everything alleged in the Amended Complaint were true, Plaintiff would not be entitled to any relief.  Quite the contrary, Weir leaves to the Court the task of finding some deficiency in the Amended Complaint.

Weir also constructs a series of straw men that he naturally is successful in attacking. The problem with this tactic is that they are just straw men and do not actually represent issues raised by Plaintiff against Weir in the Amended Complaint. They will be addressed in turn below:

IIIA.  Straw Man No. 1:  Issuance of a License is Not Pertinent to Weir

Weir argues that he has no involvement in the local matter of issuing (or not issuing) a CHP to Plaintiff. While Plaintiff agrees with this general proposition, the statement has no bearing on the case. Plaintiff makes no claims against Weir related to whether (or not) Weir issued Plaintiff a CHP. That aspect of Plaintiff's Amendment Complaint applies only to Defendant LaCabe. Had Plaintiff made such a claim against Weir, Weir's point would be well-taken. No such claim, however, was made.

IIIB.  Straw Man No. 2:  Reciprocity Granted by Other States is Not Pertinent to Weir

Weir further argues that he is not responsible for *other states'* recognition of the validity of CHPs. Again, this statement is no doubt true, but it has absolutely nothing to do with this case. Plaintiff makes no claims against other states' recognition of a CHP (a permit that Plaintiff does not have and that Defendant LaCabe will not issue him). Rather, Plaintiff makes a claim against Weir for Weir's refusal to give

recognition to Plaintiff's permits issued by other states.

Plaintiff alleges in his Amended Complaint that Weir "is primarily responsible for administering the recognition and reciprocity of [concealed handgun licenses] issued by other states." Doc. 4, ¶ 54. Under *Ellis* and *David,* cited above, the Court must accept this allegation as true and construe it in a light most favorable to Plaintiff.[1] Moreover, Weir admits that he is responsible for maintaining a database of which states' permits Colorado recognizes. Doc. 6, pp. 3-4.

It is in Weir's capacity as the state official responsible for administering Colorado's reciprocity that Plaintiff sues Weir.

IIIC.  Straw Man No. 3:  Weir's 11th Amendment Argument is Circular

Weir argues that under *Ex parte Young,* 209 U.S.123 (1908), he cannot be sued because he has no connection with "the issuance or denial of permits to carry concealed handguns or in granting reciprocity from another state." Doc. 6, p. 4. Again, however, Plaintiff makes no claims of either character against Weir. Plaintiff's claim is against Weir for refusing to recognize Plaintiff's permits from another state (not for another state's refusing to grant reciprocity to Plaintiff (for a CHL that

---

[1] Weir seems to take some issue with this allegation in the Amended Complaint, but, as noted above, Weir has not presented any evidence to refute (nor could he in a

Plaintiff does not possess and cannot get from Defendant LaCabe).

In essence, Weir's 11th Amendment argument is that he cannot be sued because he is not responsible for something of which Plaintiff does not complain: administering *another state's* reciprocity.  Weir is, however, responsible for something of which Plaintiff does complain:  administering *Colorado's* reciprocity.

IIID.  The Amended Complaint States a Valid Claim

Plaintiff is not able to address any deficiencies in the Amended Complaint cited by Weir, because Weir did not cite any. Nevertheless, Plaintiff will briefly summarize the Amended Complaint as it relates to Weir.  Plaintiff has alleged that Weir is responsible for administering Colorado's reciprocity system.  Doc. 4, ¶ 54.  Plaintiff has alleged that Plaintiff has a permit issued by Florida.  Doc. 4, ¶¶ 45-46.  Plaintiff also has alleged that Colorado's reciprocity system (administered by Weir) does not recognize Plaintiff's Florida permit because Plaintiff is not a resident of Florida.  Doc. 4, ¶ 52.

Weir is therefore discriminating against Plaintiff on account of Plaintiff's state of residency.  A state may not deny a right or benefit to a citizen based on the citizen's state of residence.  Because Weir recognizes Florida permits issued to Florida

---

motion to dismiss under Rule 12(b)(6)).  Factual disputes are not for the Court resolve

residents, but not Florida permits issued to Washington residents, Weir is violating Plaintiff's 14th Amendment right to travel, Plaintiff's 2nd Amendment right to bear arms, the 14th Amendment Privileges or Immunities Clause, and Article IV's Privileges and Immunities Clause.

### IV.  **Plaintiff Had No Obligation to Serve the Attorney General**

John Suthers, the Attorney General of Colorado and one of his senior assistants have appeared as attorneys for Weir.  AG Suthers complains that Plaintiff was required to serve him with the complaint.  As grounds for this notion, Suthers cites to a Colorado *state statute* and a *state rule* of civil procedure requiring such action for cases filed in the courts of the State of Colorado.  Of course, the State of Colorado has no authority to require such action in federal district court.  Indeed, Suther cites also to a local rule of this court that eviscerates Suther's complaint:

> State Statute.  A party who questions the constitutionality of a state statute in an action where neither that state ***nor any of its agencies, officers, or employees is a party*** shall file with the court written notice….  The party raising such question shall serve a copy of this written notice on the attorney of the state involved….

D.C.Colo LCivR 24.1B.  [Emphasis supplied].  The problem with Suther's concern is that this local rule of the Court clearly does not apply to the instant case.  No written

---

in a 12(b)(6) Motion.

notice was required because Weir is an officer and an employee of the state.2  Because an officer and employee of the state is a party, LCivR 24.1B is inapplicable.  The state rules do not apply to federal court, and this Court's own rules do not apply.  No notice, therefore, was required.  Moreover, even if such notice were required, no prejudice resulted from lack of notice.  Suthers has appeared in the case and is free to take whatever action he would have taken had he received such notice.  He has not requested any extensions of time on account of lack of notice.

## V.  Plaintiff Does Not Object to Suther's *Intervention*

In addition to moving to have his client dismissed, AG Suthers has moved for leave to appear as an *amicus curiae.*  As grounds for this request, he has asserted his right and desire to defend the constitutionality of Colorado statutes that Plaintiff has called into question.  While Plaintiff does not object to Suther's intervention in the case pursuant to Fed. R. Civ. Proc. 24, he does object to Suther's appearance as an *amicus curiae.*

As attorney general, Suther has an interest in defending the laws of the state.  Plaintiff recognizes that interest and therefore consents to Suther's intervention in the

---

[2] The Executive Director of the Colorado Department of Public Safety is appointed by the governor with the advise and consent of the senate.  C.R.S. 24-33.5-103.  The

case, presumably as a party defendant. What does not make sense is for Suther to appear solely as an *amicus curiae.* As a non-party *amicus,* Suther would not be entitled to service of pleadings. While his decision not to receive pleadings is not of primary concern to Plaintiff, that deficiency is worth noting.

Moreover, courts generally are not allowed to consider issues raised only by *amici curiae. Corder v. Lewis Palmer School District No. 38,* 566 F.3d 1219, 1230 (FN 6) (10th Cir. 2009), *citing Tyler v. City of Manhattan,* 118 F.3d 1400, 1403 (10th Cir. 1997) ("[A] circuit court should exercise its discretion to reach an issue raised only by amicus curiae 'only in exceptional circumstances.'") Because Suthers has a strong interest in the case and has a unique responsibility to defend Colorado's laws against collateral attack, the issues he raises may not be raised by Defendant LaCabe. Assuming Suthers wants the Court to reach the issues Suthers raises, Suthers should appear as a party-intervenor and not as an *amicus curiae.*

Finally, if Defendant LaCabe were to lose the case in this Court, as an *amicus curiae* Suthers would have no right to appeal. He would be dependent on LaCabe's decision to appeal or not to appeal. He should, therefore, participate as an intervening party if he is going to participate at all.

---

Department of Public Safety is a "principal department" of the State of Colorado.

**Conclusion**

Weir bases his Motion to Dismiss on his bare assertion that he is not responsible for Plaintiff's harm. He introduced no evidence to accompany his Motion. Because the Amended Complaint is well-pleaded and establishes facts that, if true, could entitle Plaintiff to relief, Weir's Motion must be denied.

Plaintiff does not object to the attorney general's intervention as a party in this case.

        /s/ John R. Monroe
John R. Monroe
Attorney for Plaintiff
9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net

---

C.R.S. 24-1-110 (1)(u).

## CERTIFICATE OF SERVICE

I certify that on March 12, 2010, I filed the foregoing using the ECF system, which automatically will send copies electronically to:

>Linda M. Davison
>Attorney for Defendant LaCabe
>Assistant City Attorney
>Denver Dept. of Human Services
>1200 Federal Blvd., 4th Floor
>Denver, CO  80204
>720-944-2626
>Linda.davison@denvergov.org


>Diane Marie Dash
>Attorney for Defendant Weir
>Senior Assistant Attorney General
>Criminal Justice Section
>303-866-5439
>Diane.dash@state.co.us



>     /s/ John R. Monroe
>John R. Monroe