IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00059-WDM-MEH

GRAY PETERSON,

Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver, and

PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

Defendants.

## DEFENDANT WEIR'S MOTION TO STAY DISCOVERY

Defendant Peter Weir, Executive Director of the Colorado Department of Public Safety, through the undersigned Senior Assistant Attorney General, hereby moves to stay discovery required by Fed.R.Civ.P. 26(a) until determination of Defendant Weir's Motion to Dismiss and states the following in support of this Motion:

1.  Pursuant to D.Colo.LCiv.R 7.1(A), the undersigned certifies that she has conferred by exchanges of e-mail with counsel for Plaintiff

Peterson and with counsel for Defendant LaCabe and has been told that neither objects to the relief requested by this Motion.

2. On March 1, 2010, Defendant Weir filed his Motion to Dismiss and raised the defense of absolute immunity of the State to private suits under the Eleventh Amendment to the United States Constitution. To carry out the purpose of immunity doctrines, federal law provides that disclosures and discovery should be stayed until this Court rules on the Defendant Weir's Motion.

3. The United States Supreme Court has recognized that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Therefore, a Defendant who asserts absolute immunity under the Eleventh Amendment is entitled to have such immunity determined as a threshold issue of law before incurring the burdens of litigation associated with discovery and trial. See *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (relating to qualified immunity of

state officials). "The entitlement is an *immunity from suit* rather than a mere defense to liability." *Id.* (italics in original). See also, C.R.S. §24-10-108 (2005) (when a public entity raises the defense of sovereign immunity all discovery is suspended except discovery necessary to determine immunity).

4. Immunity from suit is irrevocably lost and the purpose of Eleventh Amendment immunity is frustrated if the Defendant is compelled to respond to discovery or to make disclosures under Rule 26(a). *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1172 (10th Cir. 1998) ("[State's] full enjoyment of its sovereign immunity is irrevocably lost once the [State] is compelled to endure the burdens of litigation")

5. The Tenth Circuit has held that discovery and other litigation activities should be stayed or limited as necessary to determine issues regarding immunity. See, e.g. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (discovery should not be allowed until the court resolves

the legal issues necessary to determine the defendant's right to qualified immunity).

6. The well-established rule that discovery should be stayed pending a determination of immunity issues applies as well to initial disclosures under Fed.R.Civ.P. 26(a). Disclosure requirements must be viewed within the ambit of pre-trial burdens, from which defendants asserting absolute and qualified immunity should be protected. Both discovery and disclosures are governed by Rule 26. Rule 26(a)(1) provides that initial disclosures must be timely made "unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed.R.Civ.P. 26(a)(1). The duty to provide initial disclosures creates many of the same burdens on litigants that are imposed by discovery. Like discovery, disclosures involve the production of information that causes distraction from governmental officials' duties, creates a deterrence to public service, and causes the expenditure of public funds. For the same reasons that formal discovery should be

stayed, disclosure requirements should also be stayed because it is a form of discovery and imposes the same burdens. See *Harlow* at 817.

7.  "A federal lawsuit is not a fishing expedition." *Sawyer v. County of Clear Creek*, 908 F.2d 663, 668 (10th Cir. 1990). The filing of this lawsuit presupposes that Plaintiff has conducted his Rule 11 investigation and has concluded in good faith that his claims are meritorious. Accordingly, Plaintiff will not be prejudiced by a stay of disclosures and discovery pending a determination of Defendant Weir's right to immunity under the Eleventh Amendment.

WHEREFORE, Defendant Weir requests that this Court enter its Order staying discovery and disclosures until determination of the State's absolute immunity from suit.

RESPECTFULLY SUBMITTED, this 26th day of April 2010.

JOHN W. SUTHERS
Attorney General

s/ Diane Marie Dash
_____

DIANE MARIE DASH*
Senior Assistant Attorney General
Public Safety Unit
Criminal Justice Section
Attorneys for Colorado Department of
  Public Safety

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  303-866-5439
FAX:  866-858-7486
E-Mail:  diane.dash@state.co.us
*Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2010, I electronically filed the foregoing, DEFENDANT WEIR'S MOTION TO STAY DISCOVERY, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

John.monroe@earthlink.net

Linda.davison@denvergov.org

/s Diane Marie Dash
DIANE MARIE DASH
1525 Sherman Street, 7th Floor
Denver, CO  80203
Telephone:  303-866-5439

FAX:  1-866-858-7486
E-Mail:  diane.dash@state.co.us