## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  10-CV-00059-WDM-MEH

GRAY PETERSON,

      Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver, and

PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

      Defendants.

---

### DEFENDANT LACABE'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Defendant LaCabe, Manager of Safety for the City and County of Denver and the *ex officio* Sheriff of Denver County, responds as follows:

### I. INTRODUCTION

Between Plaintiff and Defendant LaCabe, this is a very simple case.  On June 2, 2009, Plaintiff filled out an application at the Denver Police Department for a permit to carry a concealed handgun in the state of Colorado.  Manager LaCabe denied the application because Plaintiff does not live in Colorado and §18-12-203 (1)(a), C.R.S. (2009) requires residency as one of the criteria for obtaining a concealed handgun permit in this state.

As discussed more fully later in this response, the state statute gives county sheriffs <u>absolutely no discretion</u> in the granting or denial of concealed handgun permits:  if an applicant

1

meets all the criteria set forth in §18-12-203 (1), the county sheriffs must grant the application; conversely, if an applicant fails to meet any one of those criteria, §18-12-203 (3) requires the county sheriffs to deny it.  Thus, Defendant LaCabe's only role in this lawsuit was to perform a non-discretionary, ministerial act imposed upon him by a state statute in an area of law preempted by the state.

Nevertheless, despite the fact that Manager LaCabe had no statutory discretion in this matter, despite the fact that Plaintiff spends his entire motion challenging the state statute's residency requirement, and despite the fact that the state of Colorado is a defendant in this lawsuit, Plaintiff, for some inexplicable reason, has moved for summary judgment as to the one defendant against whom he can obtain no legal relief.  Plaintiff's motion is brought against the wrong defendant.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the evidence submitted by the parties indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Faustin v. City and County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  A fact is "material" if it is essential to the proper disposition of the claim between the parties.  *Id*.  Defendant LaCabe raises the issue of materiality because many of the "facts" Plaintiff tries to rely upon in his motion are neither relevant nor material to LaCabe's action in this matter – the denial of Plaintiff's application for a concealed handgun permit based on a non-discretionary, statutory requirement of residency.

## III.  RESPONSE TO PLAINTIFF'S BACKGROUND AND STATEMENT OF FACTS

D.C.COLO.LCiv.R. 56.1 A. requires that summary judgment motions contain a statement of undisputed facts.  Plaintiff has failed to comply with this local rule.  Instead, he presents an

unnumbered medley of facts, opinions, conclusions, mischaracterizations, and legal arguments, all presented under the generic heading, "Background and Statement of Facts." Nevertheless, Defendant LaCabe will respond to each statement under that heading as if it were presented as a statement of undisputed fact, as required by the Court's local rules.

1.      Plaintiff is a resident of the State of Washington and a citizen of the United States.

Response: undisputed.

2.      Plaintiff is a frequent visitor to Colorado and to Denver in particular.

Response: undisputed.

3.      Plaintiff exercises his right to carry a handgun for the purpose of self-defense wherever possible, and desires to do so when he visits Denver.

Response: Objection. Both parts of this statement are legal conclusions, not statements of fact. They are also irrelevant and immaterial to Defendant LaCabe's denial of Plaintiff's application for a concealed handgun permit based upon a non-discretionary, statutory requirement of residency.

4.      Plaintiff's primary method of carrying a handgun is openly, however, he would comply with the requirements under Denver's laws prohibiting any form of carrying besides concealed with a CHL.

Response: Defendant LaCabe objects to the first part of this statement because it is irrelevant and immaterial to his action in this matter. He objects to the second part of this statement because it is not a statement of fact; it is a combination of an opinion and a conclusion based on Plaintiff's erroneous interpretation of Denver municipal law. It is also irrelevant and immaterial.

5.      Colorado law prohibits the carrying of a concealed firearm outside of one's dwelling, place of business, or a private automobile.  C.R.S. §18-12-105.

Response:  Objection.  This is a legal conclusion, not a statement of fact.  It is also an incomplete and therefore inaccurate statement of Colorado law:  the state statute prohibits the carrying of a concealed firearm outside of one's dwelling, place of business, *on property owned or controlled by the person at the time of the carrying*, or while traveling in an automobile.  §18-12-105 (1)(b), (2)(a)(b), C.R.S. (2009).

6.      Denver law is even more restrictive, prohibiting the carrying of a concealed firearm outside one's dwelling or place of business without a CHL, and prohibiting the carrying of a firearm *at all* outside one's dwelling or place of business without a CHL.

Response:  Objection.  These are two legal conclusions, combined with an opinion, relying on a mischaracterization of Denver municipal law.  Denver's Revised Municipal Code, consistent with the state statute, prohibits the carrying of a concealed firearm outside of one's dwelling, place of business, *on property owned or controlled by the person at the time of the carrying, or while driving in an automobile.*  D.R.M.C. 38-117 (a), 38-117 (f)(2), 38-118 (a).  Additionally, while the ordinance prohibits the open carrying of firearms, (38-117 (b)), a person may openly carry a firearm "*in defense of home, person or property, when there is a direct and immediate threat thereto.*"  D.R.M.C. 38-118 (b)(1).  Defendant further objects that these legal conclusions and opinion are irrelevant and immaterial to this motion for summary judgment.

7.      Plaintiff has no dwelling or place of business in Colorado.[1]  Response:  undisputed.

---

[1] Interestingly, Plaintiff's affidavit contains no statement of fact as to whether he *owns* property in Colorado or *controls property* when he visits Colorado, i.e., a vacation home or motel room.  Defendant notes that Plaintiff conveniently omitted this exception to the prohibition against carrying a concealed firearm from statements 5 and 6 above.  Such omission would seem to be intentional, as this exception appears in the same sentence as "dwelling or place of business" in both the state statute and the ordinance.  §18-12-105 (2)(a); D.R.M.C. 38-118 (a).

8.      Thus, Plaintiff must have a Colorado CHL, or a CHL issued by another state but to which Colorado gives reciprocity in order to carry a handgun in any manner in Denver.

Response:  Objection.  The first part of this statement is not a statement of fact but a conclusion based on a mischaracterization of Denver municipal law, which is irrelevant and immaterial to this summary judgment motion.

The second part of this statement attempts to interject into this motion for summary judgment a conclusory allegation about state reciprocity agreements.  If the state of Colorado has any reciprocity agreements with any other states, that fact may be relevant and material to a summary judgment motion brought against the state, but is not relevant or material to the action taken by Defendant LaCabe in this case.  Plaintiff does not allege that LaCabe relied on any reciprocity agreements (or the lack thereof) in denying Plaintiff's application for a concealed handgun permit.  In fact, the parties have stipulated that "Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado, as required by §18-12-203 (1)(a), C.R.S. (2009)."  Scheduling Order, Doc. 13, p. 3, Undisputed Fact # 6.

Plaintiff's reference to reciprocity agreements is not only irrelevant and immaterial as to LaCabe, but is also inadmissible hearsay.  Although the evidence relied upon for summary judgment need not be in a form that would be admissible at trial, the content or substance of the evidence must be admissible.  *Johnson v. Weld County, Colorado*, 594 F.3d 1202, 1209-1210 (10th Cir. 2010) (hearsay evidence recited in an affidavit would not be admissible at trial, and therefore, may not be relied upon for purposes of summary judgment); *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995).  Information about reciprocity agreements obtained by Plaintiff from an internet webpage (cited in Plaintiff's Motion, Document 17, p. 3, ftn. 2, and argued

throughout his motion) would not be admissible evidence at trial and cannot be relied upon for purposes of a summary judgment motion.

9.     Plaintiff has a CHL from both Washington and Florida.

       Response: Objection.  Irrelevant and immaterial.

10.    Colorado does not recognize or give reciprocity to CHLs issued by Washington.

       Response: Objection.  This is not a statement of fact but a conclusion.  It is irrelevant and immaterial to any action taken by Defendant LaCabe; LaCabe is not the state of Colorado.  This conclusion is also based on inadmissible hearsay from an internet webpage.  (See, # 8 above).

11.    Colorado does recognize Florida CHLs, but only those issued to residents of that State.

       Response:  Same objections as # 8 and # 10 above.[2]

12.    Colorado law prohibits the issuance of CHLs to non-residents of Colorado.

       Response:  Defendant LaCabe does not dispute that §18-12-203 (1)(a) requires legal residency in the state of Colorado as a condition to obtaining a concealed handgun permit and that §18-12-203 (3)(a) requires the denial of such a permit for failure to meet this condition.

13.    Defendant LaCabe is the Manager of Safety for the City and County of Denver and the *ex officio* sheriff of Denver County.  Response:  undisputed.

14.    Pursuant to §18-12-203, C.R.S (2009), Defendant LaCabe or his designee is vested with statutory authority to issue a permit to carry a concealed handgun to an applicant who meets all statutory criteria for obtaining a permit.  Response:  undisputed.

15.    Except for Plaintiff's lack of residency, Plaintiff meets the statutory criteria for obtaining a CHL.

---

[2]  Plaintiff's attempt to drag into this summary judgment motion irrelevant and immaterial allegations about reciprocity agreements, which are clearly aimed at the state, underscores what Defendant LaCabe pointed out at the beginning of this response:  Plaintiff has brought this motion against the wrong defendant.

Response:  Objection.  This is not a fact, but Plaintiff's opinion.  The parties have stipulated that Manager LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado and residency is required by §18-12-203 (1)(a).  Plaintiff does not allege that Defendant LaCabe made any determination as to whether Plaintiff met the other statutory requirements listed in §18-12-203 (1) and therefore Plaintiff's self-serving opinion is irrelevant and immaterial.

16.     On or about July 2, 2009, Defendant LaCabe sent Plaintiff a letter notifying Plaintiff that his application for a concealed handgun permit was denied.  Response:  undisputed.

17.     Defendant denied Plaintiff's CHL application because Plaintiff is not a resident of the State of Colorado.

Response:  Although Plaintiff cites to the Scheduling Order in support of this statement, he does not provide the full stipulation that the parties agreed upon:  "Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado as required by §18-12-203 (1)(a), C.R.S. (2009)."  (emphasis added).  Scheduling Order, Doc. 13, p. 3, Undisputed Fact # 6.

## IV.  DEFENDANT LACABE'S STATEMENT OF UNDISPUTED FACTS

In the Scheduling Order, Document 13, the parties stipulated that the following facts were undisputed and these are the only relevant and material facts for purposes of this summary judgment motion:

1.     On or about June 2, 2009, Plaintiff filled out an application in Denver County for a permit to carry a concealed handgun.

2.     Defendant LaCabe is the Manager of Safety for the City and County of Denver and the *ex officio* sheriff of Denver County.

3.      Pursuant to §18-12-203, C.R.S (2009), Defendant LaCabe or his designee is vested with statutory authority to issue a permit to carry a concealed handgun to an applicant who meets all statutory criteria for obtaining a permit.

4.      Plaintiff is not a resident of the state of Colorado.

5.      On or about July 2, 2009, Defendant LaCabe sent Plaintiff a letter notifying Plaintiff that his application for a concealed handgun permit was denied.

6.      Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado, as required by §18-12-203 (1)(a), C.R.S. (2009).

7.      Defendant Weir is the Executive Director for the Department of Public Safety of the State of Colorado.

## V.  ARGUMENT

### I.  Under Colorado state law, Defendant LaCabe was required to deny Plaintiff's application for a concealed handgun permit because Plaintiff is not a Colorado resident.

As Plaintiff pointed out in his motion, Colorado's firearm statute was substantially amended in 2003.  The reasons for those amendments are found in §18-12-201, C.R.S. (2009). Recognizing that there was statewide inconsistency with regard to the issuance of concealed handgun permits, the general assembly determined:

> It is necessary that the state occupy the field of regulation of the bearing of concealed handguns since the issuance of a concealed handgun permit is based on a person's constitutional right of self-protection and there is a prevailing state interest in ensuring that no citizen is arbitrarily denied a concealed handgun permit and in ensuring that  the laws controlling the use of the permit are consistent throughout the state.

§18-12-201 (1)(e). Further, the general assembly concluded that "the permitting and carrying of concealed handguns is a matter of statewide concern" and that it "is necessary to provide statewide uniform standards for issuing permits to carry concealed handguns for self-defense." §18-12-201 (2)(a)(b). Based on these findings and conclusions, the general assembly provided the county sheriffs with specific instructions in §18-12-201 (3), as follows:

> [T]he general assembly hereby instructs each sheriff to implement and administer the provisions of this part 2. The general assembly does not delegate to the sheriffs the authority to regulate or restrict the issuance of permits provided for in this part 2 beyond the provisions of this part 2. An action or rule that encumbers the permit process by placing burdens on the applicant beyond those sworn statements and specified documents detailed in this part 2 or that creates restrictions beyond those specified in this part 2 is in conflict with the intent of this part 2 and is prohibited.

The statewide uniform standards for issuing concealed handgun permits are found in §18-12-203, which provides in pertinent part as follows:

> (1) Beginning May 17, 2003, except as otherwise provided in this section, a sheriff shall issue a permit to carry a concealed handgun to an applicant who:[3]
>
> (a) Is a legal resident of the state of Colorado. For purposes of this part 2, a person who is a member of the armed forces and is stationed pursuant to permanent duty station orders at a military installation in this state, and a member of the person's immediate family living in Colorado, shall be deemed to be a legal resident of the state of Colorado.
>
> . . .
>
> (3) (a) The sheriff shall deny, revoke, or refuse to renew a permit if an applicant or a permittee fails to meet one of the criteria listed in subsection (1) of this section. . . .

---

[3]  §18-12-203 (1) contains subparts (a) through (h). Only subpart (a) regarding residency is cited here because it is the only criteria upon which Defendant LaCabe denied Plaintiff's application for a concealed handgun permit.

Thus, with the 2003 amendments to the statute, the state of Colorado has preempted the regulation of concealed handgun permits. Any discretion that local law enforcement officials may have had prior to 2003 no longer exists. For purposes of this summary judgment motion, the non-discretionary duties placed on the county sheriffs by the state statute could not be more clear: the sheriffs must issue a permit if the applicant meets all the criteria listed in §18-12-203 (1), and under §18-12-203 (3), they must deny a permit to an applicant who fails to meet any one of those criteria. Indeed, Plaintiff himself recognized LaCabe's non-discretionary duty under state law in his stipulation: "Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado, as required by §18-12-203 (1)(a), C.R.S. (2009)." Scheduling Order, Doc. 13, p. 3, Undisputed Fact # 6.

## II.  Plaintiff is not entitled to judgment as a matter of law.

Ironically, although Plaintiff brings this motion only against Defendant LaCabe, his arguments are directed at the state of Colorado and he refers to LaCabe as if he is the state: "The Colorado system denies Plaintiff the exercise of a fundamental constitutional right based solely on the fact that Plaintiff is not a Colorado resident." Plaintiff's Motion, Doc. 17, p. 8. "In his response to this Motion, Defendant will have to assert the 'compelling state interest' that drove Colorado to prohibit issuance of CHLs to non-residents." *Id.* "Assuming *arguendo* that Defendant is able to articulate a state interest that is so compelling that it justifies penalizing Plaintiff when Plaintiff travels to Colorado, Defendant then will have to explain why the system established by Colorado is necessary to advance that interest." *Id.* at p. 9. "Colorado has no legitimate interest in denying a fundamental right to citizens based on their state of residency." *Id.*

These arguments, made against LaCabe, are nonsensical.  How could LaCabe assert the state of Colorado's "compelling state interest" in creating a residency requirement when he is not the state of Colorado?  The statute at issue in this case is a state statute enacted by the state legislature in an area of law preempted by the state, which gives no discretionary authority to Defendant LaCabe and the constitutionality of which he has no legal duty to defend.  Thus, Plaintiff's arguments demonstrate what Defendant LaCabe pointed out at the beginning of this response:  this motion is brought against the wrong defendant.

Nevertheless, Plaintiff tries to transmogrify his claims against the state into claims against LaCabe by using the term, "as applied."  Unfortunately, Plaintiff confuses a constitutional facial challenge with an as-applied challenge.  See, *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1157 ftn. 3 (10th Cir. 2006) (although plaintiff contended that his challenge was both facial and as-applied, a review of plaintiff's complaint and the arguments raised in his brief demonstrated that he was raising only a facial challenge).

When the constitutionality of a statute is challenged on its face, the focus is on the language of the statute itself.  *Bowen v. Kendrick*, 487 U.S. 589, 601 (1988).  A facial challenge is a head-on attack on the legislative judgment in enacting the statute.  *U.S. v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (J.McConnell, concurring).  A facial challenge is one where the statute violates the constitution in all, or at least "the vast majority" of its intended applications.  *U.S. v. Friday*, 525 F.3d 938, 951 (10th Cir. 2008).  A facial challenge necessarily entails a challenge to the statute as it applies to other parties besides the plaintiff.  *Z.J. Gifts D-4 v. City of Littleton*, 311 F.3d 1220, 1226 (10th Cir. 2002).

On the other hand, an as-applied challenge focuses on the manner in which <u>an otherwise valid statute</u> is applied to a particular set of facts.  *Bowen*, at 601. (emphasis added).  An as-

applied challenge necessarily presupposes the constitutionality of a facially valid statute, but not its application to the particular facts of the case. *U.S. v. Riccardi*, 405 F.3d 852, 869 (10th Cir. 2005). An as-applied challenge concedes that the statute may be constitutional in many of its intended applications, but contends that it is not so under the particular circumstances of the case. *Pruitt*, at 1171; *Raytheon Aircraft Co.* v. U.S., 501 F.Supp.2d 1323, 1328 (D. Kan. 2007) (an as-applied challenge concedes that the statute may be constitutional as applied to others, but contends that it is unconstitutional as applied to a plaintiff's particular circumstances).

Although Plaintiff tries to frame his argument as an as-applied challenge, he does not present any facts that would distinguish him from other non-residents to whom §18-12-203 (1)(a) applies, such that the statute would be constitutional as applied to them, but not to him. On the contrary, Plaintiff has stipulated that his application for a concealed handgun permit was denied because he does not live in Colorado as the statute requires; he clearly acknowledges that the statute prohibits all non-residents from obtaining a concealed handgun permit and he is challenging that residency requirement as it applies to all non-residents: "This Motion focuses on the classification that allows Colorado residents to exercise the right by obtaining a Colorado CHL but denies the ability of non-residents to obtain a Colorado CHL." Doc. 17, p. 7.

In reality, Plaintiff is asserting an argument that challenges the statute on its face – a residency requirement for purposes of obtaining a concealed handgun permit. While Plaintiff may call his argument whatever he wishes, a rose by any other name is still a rose, and Plaintiff is attempting to bring a facial challenge without saying it is a facial challenge and without asking the Court to declare the statute unconstitutional.

Moreover, it is truly puzzling that Plaintiff does not ask the Court to declare the statute unconstitutional when that is exactly what he asked for in his amended complaint:

> Plaintiffs [*sic*] demand the following relief:
>
> 61.   A declaration that C.R.S. §18-12-203 (1)(a) is unconstitutional to the extent that it does not allow nonresidents of Colorado to apply for and obtain a CHL, because it violates the Privileges and Immunities Clause, the Equal Protection Clause, the Second Amendment right to Bear arms, of the Constitution of the United States.
>
> 62.   An injunction prohibiting Defendants from denying nonresidents of Colorado the right to apply for and obtain a CHL, solely on account of their nonresident status.

Document 4, p. 10.  Based on the allegations in the amended complaint and the prayer for relief, Defendant LaCabe reasonably believed that he would be a nominal defendant in a legal battle played out between Plaintiff and the state of Colorado over the constitutionality of the state statute.  Instead, in a bizarre turn of events, Plaintiff has filed a summary judgment motion against LaCabe, in which he challenges the state's classification based on residency, and then pretends that LaCabe is the state.  Once again, Plaintiff's own arguments demonstrate what Defendant LaCabe pointed out at the beginning of this response:  this motion is brought against the wrong defendant.

   For purposes of this summary judgment motion, Plaintiff must demonstrate that he is entitled to judgment against LaCabe as a matter of law.  Because Plaintiff does not ask this Court to declare §18-12-203 (1)(a) unconstitutional, that statute is presumed to be constitutionally valid and the parties have stipulated that Defendant LaCabe acted pursuant to the residency requirement of that unchallenged and presumptively valid statute.  Thus, Plaintiff is not entitled to judgment as a matter of law.[4]

---

[4]   Pursuant to D.C.COLO.LCivR. 56.1 B., Defendant LaCabe is filing a separate cross motion for summary judgment contemporaneously with this response.

Moreover, the fact that Plaintiff does not ask this Court to declare §18-12-203 (1)(a) unconstitutional underscores the absurdity of bringing this motion against LaCabe: there is no relief the Court can grant him.  In his motion, Plaintiff asks this Court to order LaCabe to "disregard" the residency requirement of §18-12-203 (1)(a).  Document 17, p. 14.  However, Plaintiff offers absolutely no legal authority to support the proposition that within the context of a summary judgment motion, this Court can order Defendant LaCabe to "disregard" the mandatory provisions of an unchallenged and presumptively valid state statute.

## III.  CONCLUSION

For all the reasons stated above, Plaintiff is not entitled to judgment as a matter of law, there is no legal relief this Court can grant him, and Plaintiff's motion must be denied.

As Defendant LaCabe has clearly pointed out in this response, Plaintiff's legal quarrel is with the state of Colorado, not LaCabe.  For this reason, Defendant LaCabe asks this Court to grant him an award of reasonable attorney's fees for having to defend a motion that is frivolous and groundless.

Submitted this 21$^{st\ d}$ day of June, 2010.

DENVER CITY ATTORNEY'S OFFICE

*s/ Linda M. Davison*

**Linda M. Davison,** #10885
Assistant City Attorney
1200 Federal Blvd., 4th Floor
Denver, CO 80204
Telephone: 720-944-2626
E-mail:  linda.davison@denvergov.org
**David Broadwell,** #120177
1437 Bannock St., Rm. 353
Denver, CO 80202
Telephone:  720-865-8754
E-mail:  david.broadwell@denvergov.org

## CERTIFICATE OF SERVICE

I certify that on the 21st day of June, 2010, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

john.monroe1@earthlink.net
diane.dash@state.co.us

*s/ Linda M. Davison*

**Linda M. Davison,** #10885