IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00059-WDM-MEH

GRAY PETERSON,

    Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver, and

PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

    Defendants.

---

**DEFENDANT LACABE'S CROSS MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF**

---

Defendant LaCabe, Manager of Safety for the City and County of Denver and the *ex officio* Sheriff of Denver County, pursuant to Fed.R.Civ.P. 56, brings the following cross motion for summary judgment:

### I. STATEMENT OF UNDISPUTED FACTS

In the Scheduling Order, Doc. 13, p.3, the parties stipulated that the following facts were undisputed:

1.     On or about June 2, 2009, Plaintiff filled out an application in Denver County for a permit to carry a concealed handgun.

2.     Defendant LaCabe is the Manager of Safety for the City and County of Denver and the *ex officio* sheriff of Denver County.

1

3. Pursuant to §18-12-203, C.R.S (2009), Defendant LaCabe or his designee is vested with statutory authority to issue a permit to carry a concealed handgun to an applicant who meets all statutory criteria for obtaining a permit.

4. Plaintiff is not a resident of the state of Colorado.

5. On or about July 2, 2009, Defendant LaCabe sent Plaintiff a letter notifying Plaintiff that his application for a concealed handgun permit was denied.

6. Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado, as required by §18-12-203 (1)(a), C.R.S. (2009).

7. Defendant Weir is the Executive Director for the Department of Public Safety of the State of Colorado.

## II. ARGUMENT

Pursuant to D.C.COLO.LCiv.R. 56.1 B., Defendant LaCabe brings this motion for summary judgment separately from his response to Plaintiff's motion for summary judgment. However, in the interests of judicial economy, LaCabe incorporates by reference all the arguments he put forth in his response and relies upon those same arguments for purposes of this cross motion. A summary of those arguments is as follows:

In 2003, the state of Colorado preempted the regulation of concealed handgun permits. See, §18-12-201, C.R.S. (2009). The state statute gives county sheriffs <u>absolutely no discretion</u> in the granting or denial of a concealed handgun permit: if an applicant meets all the criteria set forth in §18-12-203 (1), the county sheriffs must grant the application; conversely, if an applicant fails to meet any one of those criteria, §18-12-203 (3) requires the county sheriffs to deny it.

Section 18-12-203 (1)(a) requires residency as one of the conditions for the issuance of a concealed handgun permit. The parties have stipulated that "Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado, as required by §18-12-203 (1)(a), C.R.S. (2009)." Doc.13, p. 3.

Although Plaintiff filed a motion for summary judgment only against Defendant LaCabe, his arguments are directed at the state of Colorado and he challenges the state statute as it applies to all non-residents: "This Motion focuses on the classification that allows Colorado residents to exercise the right by obtaining a Colorado CHL but denies the ability of non-residents to obtain a Colorado CHL." Doc. 17, p.7. Plaintiff's arguments are clearly a facial challenge to the constitutionality of the statute's residency requirement. *U.S. v. Friday*, 311 F.3d 938, 951 (10th Cir. 2008) (a facial challenge is one where the statute violates the constitution in all, or at least "the vast majority" of its intended applications).

Defendant LaCabe is not the state of Colorado. He can neither speak on behalf of the state nor defend state actions. LaCabe's only role in this lawsuit was to perform a non-discretionary, ministerial act imposed upon him by a state statute, in an area of law preempted by the state.

Despite the fact that Plaintiff is clearly making a facial challenge to the statute's residency requirement, and despite the fact that he asked to have the statute declared unconstitutional in his amended complaint, Plaintiff did not seek such a declaration in his motion for summary judgment. Without a declaration that §18-12-203 (1)(a), C.R.S. (2009) is unconstitutional, that statute is presumed to be constitutionally valid and the parties have stipulated that Defendant LaCabe acted pursuant to the residency requirement of that

3

unchallenged and presumptively valid statute. Therefore, Defendant LaCabe is entitled to judgment as a matter of law.

Submitted this 21$^{st\ d}$ day of June, 2010.

DENVER CITY ATTORNEY'S OFFICE

*s/ Linda M. Davison*

**Linda M. Davison**, #10885
Assistant City Attorney
1200 Federal Blvd., 4th Floor
Denver, CO 80204
Telephone: 720-944-2626
E-mail:  linda.davison@denvergov.org
**David Broadwell**, #120177
1437 Bannock St., Rm. 353
Denver, CO 80202
Telephone:  720-865-8754
E-mail:  david.broadwell@denvergov.org

## CERTIFICATE OF SERVICE

I certify that on the 21st day of June, 2010, I electronically filed the foregoing Cross Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

john.monroe1@earthlink.net
diane.dash@state.co.us

*s/ Linda M. Davison*

**Linda M. Davison**, #10885