## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION FILE NO.  10-CV-59-WDM-MEH

GRAY PETERSON,
     Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver,

and

PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

     Defendants.

---

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT LACABE

---

## Introduction

Plaintiff commenced this civil rights action to challenge Defendant LaCabe's denial of Plaintiff's application for a Colorado handgun permit ("CHL") because of Plaintiff's non-residency, and to challenge Defendant Weir's refusal to recognize Plaintiff's permits issued by his home state of Washington and the State of Florida. Plaintiff's claims are based on various provisions in the Constitution of the United States and 42 U.S.C. § 1983.

Defendant LaCabe ("Defendant") has not addressed the merits of Plaintiff's Motion, but instead argues only the theory that Defendant is obligated to follow Colorado law without regard to its constitutionality.  Plaintiff will show that all officials at every level of government are obligated to adhere to the Constitution of the United States.  They may not hide behind a state statute in defense of their unconstitutional conduct.  For this reason, Plaintiff's Motion must be granted.

**Argument**

**I.  There is No Genuine Dispute of Material Fact**

Defendant does not actually dispute the substance of any of Plaintiff's facts. Defendant attacks Plaintiff's Statement of Facts, not on their truthfulness, but on how they are laid out in Plaintiff's Motion.  Because they are unnumbered, Defendant concludes that "Plaintiff has failed to comply with [L.Civ.R. 56.1]."  Unfortunately for Defendant, there is no numbering requirement contained within that Rule.

Defendant also complains that some of Plaintiff's facts are conclusions and opinions.  While Plaintiff disagrees with these characterizations, the point is that Defendant does not actually dispute any of Plaintiff's facts (by providing conflicting evidence), nor does he cite the Rule and provide any explanation of why he thinks Plaintiff's Statement of Facts does not comply.

Defendant also questions the materiality of some of Plaintiff's facts, especially the ones having to do with Plaintiff's CHLs and the subject of CHL reciprocity. Because Defendant himself has nothing to do with reciprocity of CHLs, he reasons that reciprocity is not material to him.

Plaintiff had no way of knowing what defenses Defendant might raise. Defendant may have mentioned, for example, Plaintiff's ability to obtain a CHL from a state with which Colorado has reciprocity. Defendant might have theorized that Plaintiff's claim would be mooted under those circumstances.

The purpose of Plaintiff's inclusion of the facts pertaining to reciprocity, therefore, was not to raise substantive arguments about the constitutionality of Colorado's reciprocity system (which Plaintiff did not raise against Defendant). The purpose was to foreclose the possibility of Defendant's making an issue of the possibility of reciprocity. The purpose was achieved, because Defendant did not raise that issue.[1]

Because Defendant has not refuted the substance of any of Plaintiff's facts, the

---

[1] Defendant objects to the admissibility of statements from Defendant Weir's website as hearsay. Because Defendant did not raise the reciprocity issue as a defense, the matter of admissibility probably is moot, but in the interest of completeness Plaintiff observes that statements from Defendant Weir's web site concerning Defendant Weir's reciprocity activities are public records. Fed. R. Evid. 803(8).

first prong of the standard for motions for summary judgment (i.e., there is no genuine issue of material fact – *Faustin v. City and County of Denver,* 423 F.3d 19982, 1998 (10th Cir 2005)) is satisfied.

## II.  Defendant Failed to Defend the Constitutionality of His Actions

IIA.  "Just Following State Law" Is Not a Defense

Somewhat surprisingly, Defendant's sole defense for his actions (in denying Plaintiff's CHL application) is that Defendant followed state law.  He argues that because he lacks discretion in issuing CHLs and he is performing a ministerial task, he cannot be liable for his violations of federal law.  Not surprisingly, Defendant provides no authorities to support this novel claim.  There are none.

Quite the contrary, it is clear that government officials are obligated to follow the Constitution of the United States.  "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County,* 118 U.S. 425, 443 (1886). *See also Kovacs v. First Union Home Equity Bank,* 408 F.3d 291, 294 (6th Cir 2005); *Towboat One, Inc. v. M/V Waterdog,* 2008 U.S. Dist. LEXIS 48628, 2008 AMC 1730  (S.D. Fla 2008).  Local officials are "under a duty to obey the Constitution." *Board of Education v. York,* 429 F.2d 66, 69

(10th Cir 1970).  Thus, while Defendant may have no discretion under Colorado law, the Constitution of the United States compels him to afford Plaintiff the rights to which Plaintiff is entitled.

As a reminder to Defendant, Plaintiff brought this case under 42 U.S.C. § 1983, which states, in pertinent part:

> Every person who, under color of any statute…of any State…subjects…any citizen of the United States…to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured….

It is clear that Defendant 1) is a person; 2) was acting under color of state law when he denied Plaintiff's application; 3) deprived Plaintiff of Plaintiff's constitutional right to travel, his Second Amendment rights, and his privileges and immunities as a citizen. Defendant is, therefore, liable to Plaintiff.  If "I was following state law" constituted a valid defense against a § 1983 action, § 1983 would be eviscerated.   The whole purpose behind § 1983 is to stamp out state and local governmental infringement of federal rights.  "[T]he courts must obey the Constitution rather than the lawmaking department of government, and must, upon their own responsibility, determine whether, in any particular case, these limits have been passed." *Kansas Natural Gas Co. v. Haskell,* 172 F. 545, 557 (E.D. Okla 1909).

–5–

Defendant criticizes Plaintiff's assertion that Defendant has obligated himself to defend the Colorado licensing statute. Defendant insists that Plaintiff has brought his Motion against the "wrong defendant." What Defendant fails to appreciate, however, is that by asserting Colorado law as the authority for his actions, Defendant has ratified the constitutionality of that law. When he denied Plaintiff's application, he implicitly concluded that the law he now relies upon was consistent with the "Supreme Law of the Land," the Constitution.

## IIB.  Plaintiff's Case Against Defendant is Proper

Unarticulated but nonetheless present in Defendant's claim that he is the "wrong defendant" is an argument that Plaintiff lacks standing to sue Defendant. It is appropriate, therefore, to discuss briefly the subject of standing.

In order to have standing, a plaintiff must have suffered an injury in fact, there must be a causal connection between the injury and defendant's conduct, and the injury must be redressable by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Each of these three elements will be addressed in turn and analyzed under the facts of the instant case.

The "injury in fact" described in *Lujan* is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not

conjectural or hypothetical." *Id.* In the instant case, Plaintiff showed in his Motion that he had various constitutional rights at stake in the issuance of a CHL. The invasion of those rights was very real, as Defendant denied Plaintiff's application. There was nothing at all conjectural or hypothetical about it. Indeed, Defendant does not appear to be attacking this prong of standing. Defendant's criticisms seem to be of the two other prongs.

The second prong is that "the injury has to be fairly traceable to the challenged action of the defendant." *Id.* This prong also is self-evident in this case. The injury to Plaintiff, denial off his application for a CHL, was admittedly at the hands of Defendant. Defendant is vested with authority to administer the CHL process in Denver County. Doc. 13, p. 3. Plaintiff applied to Defendant for a CHL, and Defendant denied Plaintiff's application. *Id.* Plaintiff's injury is directly traceable to Defendant.

The final prong of standing is that the injury must be redressable by a favorable decision of the Court. Defendant inexplicably argues that "there is no relief the Court can grant [Plaintiff]." Doc. 18, p. 14. It is more than apparent that the Court can enjoin Defendant from unconstitutionally considering Plaintiff's non-residence in Colorado as a factor in Plaintiff's CHL application. "It has been settled law since *Ex*

*parte Young,* 209 U.S. 123 (1908) that suits against state and county officials to enjoin them from invading constitutional rights are not forbidden…." *Griffin v. County School Board,* 377 U.S. 218, 228 (1964).

In fact, it has been held that courts are obligated to issue injunctions to prevent future violations of federal rights.  In *Johnson v. Capitol City Lodge No. 74, Fraternal Order of Police,* 477 F.2d 601, 603 (4th Cir 1973), the Court said the district court had erred by failing to issue an injunction requiring admission of all members of the police department into the Fraternal Order of Police when racial discrimination had been found ("Courts have the power and duty to fashion affirmative relief so as to provide an effective federal remedy where federal law is violated…  Only affirmative relief can insure with certainty that the effects of the Lodge's past discrimination will be eliminated").

## IIC.  Asking for a Declaration Judgment Does Not Affect the Merits

Defendant somehow concludes that because Plaintiff's Motion does not specifically request declaratory relief, the Court is powerless to find the Colorado law at issue unconstitutional.[2]   Not surprisingly, Defendant provides no authority for this

---

[2] Defendant further refers to the statute as "unchallenged," [Doc. 18, p. 13] a difficult statement to reconcile with his statement one page earlier that "Plaintiff is asserting an argument that **challenges** the statute…."  Doc. 18, p. 12.  [Emphasis supplied].

dubious proposition.

First, it should be pointed out that Plaintiff asked for declaratory relief in his Amended Complaint.  Doc. 4, ¶¶61, 63.  Second, "The trial court has the authority to award appropriate relief dictated by the evidence, even though it may not have been sought in the pleadings." *Fitzgerald v. Sirloin Stockdale,* 624 F.2d 945, 957 (10th Cir 1980).  Courts "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed.R.Civ.P. 54(c).  "The demand for relief does not constitute part of the pleader's claim for relief, [so] a failure to demand the appropriate relief will not result in a dismissal.  The question is not whether plaintiff has asked for the proper remedy but whether plaintiff is entitled to any remedy."  10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2664 (3d ed. 1998).

Third, it is clear in Plaintiff's Motion that he is attacking the constitutionality of Defendant's actions.  Defendant defends his actions based on the statute, so  Plaintiff therefore has attacked the statute.  Whether the Court actually issues a declaratory judgment that the statute is unconstitutional, the Court must conclude that Defendant's conduct (and therefore the statute) are unconstitutional in order for Plaintiff to receive any relief.  Defendant's novel theory that an injunction ***must*** be accompanied by a

declaratory judgment does not follow.

Perhaps the heart of Defendant's issue can best be summed up with his statement, "Defendant LaCabe reasonably believed that he would be a nominal defendant in a legal battle played out between Plaintiff and the state of Colorado over the constitutionality of the state statute." Doc. 18, p. 13.  Plaintiff is not familiar with the concept of a "nominal defendant."  Nor does Plaintiff understand why Defendant thought he could sit on the sidelines of this case when Defendant's denial of Plaintiff's application is the injury at the front and center of the controversy.  Surely Defendant realized that Plaintiff would be seeking an injunction against him, requiring him to issue Plaintiff a CHL.  That is exactly what Plaintiff has done.

Defendant is entitled to choose not to defend his actions (or the statute).  He cannot, however, be heard to complain that the State of Colorado has failed to step into the breach he left by failing to defend himself.  Defendant claims in his Brief that "he has no legal duty to defend" the statute.  Doc. 18, p. 11.  He does not have such a duty.   But, he does have an obligation to defend his own actions or suffer the consequences of his failure to do so.  He has failed to do so.

Defendant seeks to confuse the issue by discussing whether Plaintiff's attack on Defendant's actions is "as applied" or "facial."   Plaintiff's complaint against

Defendant is, of necessity, "as applied."  Plaintiff has no knowledge of other non-residents whose CHL applications Defendant may have denied.  Plaintiff only knows that Defendant denied Plaintiff's application.  Of course, if this Court rules that Defendant must evaluate Plaintiff's CHL application without regard to Plaintiff's residency, it stands to reason that other non-residents should be treated the same way.

IID.  The Second Amendment Applies to Defendant

Defendant did not raise as an issue that Plaintiff's Second Amendment claim does not apply to Defendant.  To the extent such an argument may have been made before, it now has been foreclosed.  On June 28, 2010, the Supreme Court ruled that the Second Amendment is incorporated against the states.  *McDonald v. City of Chicago,* Slip Opinion at 44 ("We therefore hold that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller.*).  The *Heller* Court found the primary purpose of the Second Amendment right to be for self defense.  *District of Columbia v. Heller,* 554 U.S. ___ (2008), Slip Op. at 64.

**III.  Defendant's "Request" for Sanctions is Inappropriate**

In his Conclusion, Defendant "asks this Court to grant him an award of reasonable attorney's fees for having to defend a motion that is frivolous and

groundless." Doc. 18, p. 14. Defendant provides no basis nor citation to authority for this request, so it is difficult to respond to it. Plaintiff will assume that Defendant is basing his request on Fed.R.Civ.P. 11(c).

Rule 11(c) requires, however, that a motion for sanctions "be made separately from any other motion and must describe the specific conduct that allegedly violated Rule 11(b). The motion must be served under Rule 5…." Furthermore, such a motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Defendant made his request for sanctions in the conclusion of his response to Plaintiff's Motion for Summary Judgment. He did not make it in a separate filing. Moreover, Defendant did not serve a copy of his request for sanctions on Plaintiff prior to presenting it to the Court. It cannot, therefore, be considered.

D.C.Colo.LCivR. 7.1A requires a party to confer or make a reasonable, good faith effort to confer with opposing counsel prior to bringing a motion other than one under Fed.R.Civ.P. 12 or 56. The party must state in the motion the specific efforts he has made to comply with LCivR 7.1A. D.C.Colo.LCivR 7.1C requires a party to state under which rule or statute a motion is filed and it must be supported by a recitation of

legal authority.  Defendant failed to do either.

Finally, D.C.Colo.LCivR 7.1C also state, "A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper." Defendant failed to comply with this rule by including his request for sanctions in his response to Plaintiff's Motion for Summary Judgment.

In sum, Defendant failed to comply with at least three provisions of the Federal Rules of Civil Procedure and at least four provisions of the local rules of this Court. He has failed to provide any support or argument for his request for sanctions, and the Court must either deny it or refuse to consider it.

### **Conclusion**

Plaintiff has shown that Defendant did not establish a genuine dispute of material fact.  In addition, Defendant did not defend the constitutionality of his actions or refute Plaintiff's entitlement to judgment as a matter of law.  For these reasons, Plaintiff's Motion should be granted.

_____/s/ John R. Monroe_____
John R. Monroe
Attorney for Plaintiff

−13−

9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 30, 2010, I filed the foregoing using the ECF system, which automatically will send copies electronically to:

Linda M. Davison
Attorney for Defendant LaCabe
Assistant City Attorney
Denver Dept. of Human Services
1200 Federal Blvd., 4th Floor
Denver, CO  80204
720-944-2626
Linda.davison@denvergov.org


Diane Marie Dash
Attorney for Defendant Weir
Senior Assistant Attorney General
Criminal Justice Section
303-866-5439
Diane.dash@state.co.us


_____ /s/ John R. Monroe
John R. Monroe