## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION FILE NO.  10-CV-59-WDM-MEH

GRAY PETERSON,
    Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver,
and
PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

    Defendants.

---

## **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LACABE'S MOTION FOR SUMMARY JUDGMENT**

---

## **Introduction**

Defendant LaCabe ("Defendant") has filed a Motion for Summary Judgment based on the novel theory that, because Plaintiff's Motion for Summary Judgment is insufficient, Defendant is entitled to summary judgment.  Plaintiff will show that summary judgment is not a zero-sum game and that Defendant's Motion is woefully inadequate to prove that Defendant is entitled to judgment as a matter of law.

**Plaintiff's Statement of Additional Facts**

Defendant proposed in his Statement of Undisputed Facts the seven facts stipulated by the Parties in Doc. 13, p. 3. Plaintiff admits these facts, and states the following as additional facts:

1. Plaintiff is a resident of the State of Washington and a citizen of the United States. Decl. of Gray Peterson, ¶ 2.

2. Plaintiff is a frequent visitor to Colorado and to Denver in particular. *Id.,* ¶ 3. Plaintiff exercises his right to carry a handgun for the purpose of self-defense wherever possible, and desires to do so when he visits Denver. *Id.,* ¶ 4.

3. Plaintiff's primary method of carrying a handgun is openly, however he would comply with the requirement under Denver's laws prohibiting any form of carry besides concealed with a CHL. *Id.,* ¶ 5.

4. Plaintiff has no dwelling or place of business in Colorado. *Id.,* ¶ 6.

5. Except for Plaintiff's lack of Colorado residency, Plaintiff meets the statutory criteria for obtaining a CHL. *Id.,* ¶ 8.

6. Plaintiff does not own property within Denver or the State of Colorado. Second Decl. of Gray Peterson, ¶ 2.

7. Plaintiff stays with friends when he visits Denver, so he controls no property

    there. *Id.,* ¶ 3.

8. Plaintiff generally takes public transit in Denver, so he is not in a private automobile (nor could he lawfully get to and from such private automobile with a firearm). *Id.,* ¶ 4.

## **Argument**

Summary judgment should be granted if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009). In Defendant's Motion, he relies solely on the seven "Undisputed Facts" in the Scheduling Order ("Doc. 13, p. 3). Defendant does not file any affidavits or other materials.

### **I.  Defendant Has Failed to Meet His Burden**

"The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa,* 590 F.3d 1161, 1169 (10th Cir 2010). Defendant has not even begun to carry either burden. Rather than develop arguments to support his entitlement to judgment, Defendant merely continues to criticize Plaintiff's Motion.

In some cases, motions for summary judgment mirror one another, because the reasons why one party is not entitled to judgment are the same reasons why the other party is entitled to judgment. In this case, however, Defendant did not provide substantive arguments against the merits of Plaintiff's Motion. Instead, Defendant criticized the form and procedural posture of Plaintiff's Motion, leaving the merits unrebutted. In this case, therefore, it makes no sense for Defendant to argue his own Motion by saying nothing more than "Plaintiff's Motion is bad so I should win."

IA.  Motions for Summary Judgment Are Not Zero Sum

Defendant's position appears to be that cross-motions for summary judgment are a zero-sum game, so that the denial of one requires the granting of the other. That simply is not the law. "Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute and agreement that if one is rejected the other is necessarily justified…." *Rains v. Cascade Industries, Inc.,* 402 F.2d 241, 245 (3rd Cir 1968). "When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other." *Heublein, Inc. v. United States,* 996 F.2d 1455, 1461 (2nd Cir 1993).

Thus, because Defendant has failed to raise a single argument that he is entitled

to judgment in his own right, relying instead on his criticism of Plaintiff's Motion, it is difficult for Plaintiff to address Defendant's Motion. Plaintiff will therefore rebut the few points Defendant raises and then discuss the merits of Plaintiff's claims.

IB.  Plaintiff's Motion Has No Bearing on Defendant's Motion

Defendant somehow concludes that because Plaintiff did not explicitly request a declaratory judgment in Plaintiff's Motion, that Defendant is entitled to judgment. Defendant fails to explain or provide any authority for the astounding conclusion that the relief Plaintiff requests in his own Motion has any bearing on the merits of Defendant's Motion. Plaintiff was not obligated to file a motion for summary judgment at all, let alone to include requests for any particular relief if he did file such a motion. The nature of relief Plaintiff requested in his own Motion simply cannot create or destroy Defendant's entitlement to judgment. Defendant's Motion must stand (or in this case fall) on its own merits.

Furthermore, "The trial court has the authority to award appropriate relief dictated by the evidence, even though it may not have been sought in the pleadings." *Fitzgerald v. Sirloin Stockdale,* 624 F.2d 945, 957 (10th Cir 1980). Courts "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed.R.Civ.P. 54(c). "The demand for relief does not

constitute part of the pleader's claim for relief, [so] a failure to demand the appropriate relief will not result in a dismissal. The question is not whether plaintiff has asked for the proper remedy but whether plaintiff is entitled to any remedy." 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2664 (3d ed. 1998). It simply makes no sense for Defendant to conclude that Plaintiff's request for relief in Plaintiff's Motion for Summary Judgment has any bearing on Defendant's own Motion.

The significance of Plaintiff's request for relief, according to Defendant, is that because Plaintiff did not request in his Motion for a declaratory judgment that the Colorado statute at issue in this case is unconstitutional, the statute is "unchallenged and presumptively valid." Doc. 19, p. 4. Defendant makes this statement two paragraphs after criticizing that Plaintiff "challenges the state statute." Doc. 19, p.3. It is not at all clear how Defendant concludes that the statute Plaintiff is challenging is unchallenged. Moreover, Defendant loses sight of the fact that, as the moving party, he bears the burden of proving that he is entitled to judgment as a matter of law. *Baum v. Gillman,* 648 F.2d 1292, 1296 (10th Cir 1981). He fails to meet this burden when he neglects to address the merits of any of Plaintiff's claims but instead reiterates that he finds Plaintiff's own motion to be deficient.

IC.  Defendant Does Not Defend or Justify His Unconstitutional Actions

Defendant apparently believes he is not required to answer for his actions because "Defendant LaCabe is not the state of Colorado.  He can neither speak on behalf of the state nor defend state actions.  LaCabe's only role in this lawsuit was to perform a non-discretionary, ministerial act imposed upon him by a state statute, in an area of law preempted by the state." Doc. 19, p. 3.  The flaw in Defendant's argument is that Plaintiff is not asking Defendant to answer for the state.  Plaintiff is asking Defendant to answer for his own actions.  Because Defendant chose to follow an unconstitutional state law rather than the requirements of the Constitution of the United States, Defendant now must defend his actions (and therefore the statute) he chose to follow.

"An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby County,* 118 U.S. 425, 443 (1886).  *See also Kovacs v. First Union Home Equity Bank,* 408 F.3d 291, 294 (6th Cir 2005); *Towboat One, Inc. v. M/V Waterdog,* 2008 U.S. Dist. LEXIS 48628, 2008 AMC 1730  (S.D. Fla 2008).  Local officials are "under a duty to obey the Constitution." *Board of Education v. York,* 429 F.2d 66, 69 (10th Cir 1970).  Thus,

Defendant may not hide behind Colorado law and wait for the State of Colorado to come along to defend his actions. They were, after all, *his* actions. Obedience to the Constitution of the United States is not discretionary. Those who choose to violate the Constitution in deference to state law do so at their own peril.

ID.  <u>Defendant's Denial of Plaintiff's Application Was Unconstitutional</u>

Plaintiff hereby incorporates by reference his arguments from his own Motion for Summary Judgment [Doc. 17] explaining the unconstitutionality of Defendant's actions. Some of those arguments are summarized below.

Defendant denied Plaintiff's CHL application solely on account of Plaintiff's non-residency in Colorado. Plaintiff has challenged the constitutionality of Defendant's action, but Defendant moves for summary judgment on the grounds that Defendant did what Colorado law on its face requires. Plaintiff will show below why Defendant's actions infringed on Plaintiff's constitutional rights.

Plaintiff's inability to obtain a Colorado CHL (and his inability to obtain a CHL from a reciprocal jurisdiction) make it unlawful for him to carry a handgun in Denver outside his own dwelling or place of business or on property he owns or that is under his control, or while in a private automobile. C.R.S. §§ 18-12-105(1)((b) and (2)(a)-(c). Plaintiff does not have a dwelling or place of business in Denver. He does not

own any property in Denver (or Colorado).  He stays with friends when he visits Denver, so he controls no property.  He generally takes public transit in Denver, so he is not in a private automobile (nor could he lawfully get to and from such private automobile).  In short, Plaintiff is completely disarmed when he visits Denver.

The Second Amendment provides that the "the right of the people to keep and bear arms shall not be infringed."  The right to keep *and bear* arms is an "individual right to possess and carry weapons in case of confrontation."  *District of Columbia v. Heller,* 128 S.Ct. 2783, 2797 (2008).  There is no doubt that this right is a fundamental one ("By the time of the founding, the right to have arms had become fundamental….").  *Id.* at 2798.  Moreover, "the American people have considered the handgun to be the quintessential self-defense weapon."  *Id.* at 2818.  "In sum, it is clear that the Framers and ratifiers of the Fourteenth Amendment counted the rights to keep and bear arms among those fundamental rights necessary to our system of ordered liberty."  *McDonald v. City of Chicago,* 561 U.S. \_\_\_\_, Slip Opinion at 31 (June 28, 2010).  Thus, the right to carry a handgun for self defense in case of confrontation is a fundamental constitutional right.

"Self-defense is a basic right, recognized by many legal systems from ancient times to the present day."  *McDonald,* Slip Op. at 19.  "[T]he inherent right of self

defense has been central to the Second Amendment right." *Id., citing Heller.* [T]his right applies to handguns because they are the most preferred firearm in the nation to keep and use for protection of one's home and family." *Id.*

Denver and Colorado laws require Plaintiff to have a CHL to exercise his fundamental constitutional right to carry a handgun in any meaningful way. By denying Plaintiff's application for a CHL, Defendant denied Plaintiff the ability to exercise that right.

Defendant denied Plaintiff's application on account of Plaintiff's non-residency in Colorado. Defendant's denial had the effect, therefore, of depriving Plaintiff of the ability to exercise a fundamental constitutional right anywhere in Colorado. The sole grounds given by Defendant for this deprivation was Plaintiff's non-residency.

The standard of review for right-to-travel claims is strict scrutiny. "Whenever a state law burdens the right to travel, the court must apply strict scrutiny and ask whether the challenged law 'is necessary to further a compelling state interest.'" *Peruta v. County of San Diego,* 2010 U.S. Dist LEXIS 2831, 42 (S.D. Calif 2010), *citing Soto-Lopez,* 476 U.S. at 904-905 (plurality). "The heavy burden of justification is on the State, and the court will closely scrutinize the challenged law in light of its asserted purposes." *Id.*

The Supreme Court has not announced a standard of review for evaluating infringements on the Second Amendment, but it has declared that rational basis is not appropriate. *Heller,* 128 S.Ct. at 2818. The appropriate standard, therefore, is either intermediate scrutiny or strict scrutiny. Because Defendant's actions cannot survive either level of scrutiny, Plaintiff will discuss the application of intermediate scrutiny.

Under intermediate scrutiny, Defendant's actions must "directly advance a substantial governmental interest and be no more extensive than is necessary to serve that interest." *Milavetz, Gallop & Milavetz, P.A. v. United States,* 176 L.Ed.2d 79, 94; 2010 U.S. LEXIS 2206, 36 (2010). In order to prevail on his Motion, Defendant was required, therefore, to show this Court that his denial of Plaintiff's application directly advanced a substantial governmental interest and that it was no more extensive than was necessary to serve that interest.

Defendant made no attempt to discuss this issue at all. Plaintiff cannot give a meaningful response to an argument that Defendant did not make. It is impossible to imagine, however, that Defendant can articulate a substantial governmental interest in disarming Plaintiff solely on account of Plaintiff's non-residency.

**Conclusion**

Defendant has utterly failed to meet his burden in his Motion.  He has only attacked Plaintiff's own Motion, somehow concluding (wrongly) that a denial of Plaintiff's motion necessitates the granting of Defendant's Motion.  Because Plaintiff has shown that he, not Defendant, is entitled to judgment as a matter of law, Defendant's Motion must be denied.

      /s/ John R. Monroe
John R. Monroe
Attorney for Plaintiff
9640 Coleman Road
Roswell, GA  30075
678 362 7650
John.monroe1@earthlink.net

## **CERTIFICATE OF SERVICE**

I certify that on July 14, 2010, I filed the foregoing using the ECF system, which automatically will send copies electronically to:

> Linda M. Davison
> Attorney for Defendant LaCabe
> Assistant City Attorney
> Denver Dept. of Human Services
> 1200 Federal Blvd., 4th Floor
> Denver, CO  80204
> 720-944-2626
> Linda.davison@denvergov.org
>
>
> Diane Marie Dash
> Attorney for Defendant Weir
> Senior Assistant Attorney General
> Criminal Justice Section
> 303-866-5439
> Diane.dash@state.co.us

      /s/ John R. Monroe
John R. Monroe