## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  10-CV-00059-WDM-MEH

GRAY PETERSON,

      Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver, and

PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

      Defendants.

---

## DEFENDANT LACABE'S REPLY IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT

---

## I.  INTRODUCTION

Section 18-12-203 (1)(a), C.R.S. (2009) requires residency in order to obtain a concealed handgun permit in the state of Colorado.  Plaintiff readily acknowledges that he is challenging the constitutionality of this statute. (Document 20, p. 9; Document 21, p. 7).  That, however, is exactly the point of Defendant LaCabe's cross motion for summary judgment:  Plaintiff has tried to make a facial challenge to a state statute against the wrong defendant.  Only the state of Colorado, through the Attorney General, may defend the constitutionality

of a state statute, and Plaintiff's failure to request declaratory relief in this case has left him with no real party in interest to respond to his facial challenge and no relief the Court can grant.

## II. LACABE'S RESPONSE TO PLAINTIFF'S ADDITIONAL FACTS

In his response, Plaintiff recites eight additional "facts" beyond those facts stipulated to in the scheduling order. (Doc. 13, p. 3.). However, "facts" #1 through #5 were originally presented by Plaintiff in his motion for summary judgment as #1, #2, #3, #4, #7, and #15. Except for Plaintiff's statement that he has no dwelling or place of business in Colorado, (here, fact #4; previously, fact #7), Defendant LaCabe raised objections to these statements. Rather than recite all those objections again, Defendant LaCabe incorporates by reference his objections from his response to Plaintiff's motion for summary judgment. (Document 18, pp. 3-4, 6-7).

Plaintiff's additional facts #6, #7 and #8 are new statements based on Exhibit 2, Plaintiff's unsworn declaration attached to his response. Defendant LaCabe objects to these new statements because they are irrelevant and immaterial. The focus of LaCabe's cross-motion for summary judgment is that Plaintiff has tried to make a facial challenge to a state statute against the wrong defendant.

### III.  ARGUMENT

Only the state of Colorado, through the Attorney General, may defend a facial challenge to a state statute and his office has a right to notice and an opportunity to be heard.  §13-51-115 C.R.S. (2009).  When Plaintiff filed this lawsuit he clearly intended to seek a declaration that §18-12-203 (1)(a) was unconstitutional, as evidenced by his prayer for relief in his amended complaint. However, Plaintiff apparently failed to notify the Colorado Attorney General of his intention to do so.  See, "Motion to Dismiss Executive Director Peter Weir and Colorado Attorney General's Request to be Heard," (Doc. 6, p. 6; Doc. 11, p. 3). Nevertheless, the Attorney General made clear that he wanted to be heard on the statute's constitutionality and that due to procedural constraints (presumably, Defendant Weir's Eleventh Amendment immunity defense), his office would appear by way of *amicus curiae* to address the constitutionality of Colorado's permit to carry a concealed handgun statute.  (Doc. 6, p. 7; Doc. 11, p.3).

Thus, all Plaintiff had to do to put his facial challenge properly before the Court was to seek a declaration as to the statute's constitutionality.  Had he done so, the Attorney General would have responded to Plaintiff's arguments and defended the state statute.  However, there was no reason for the Attorney General's Office to submit an *amicus* brief defending the constitutionality of the statute when Plaintiff, in his motion for summary judgment, did not ask the Court

to declare the statute unconstitutional.  Plaintiff's only request for relief was an order directing LaCabe to <u>disregard</u> the statute's residency requirement.  (Doc. 17, p. 14).

Unfortunately for Plaintiff, his failure to request declaratory relief is now his own undoing:  there is no real party in interest to respond to his facial challenge.

It is a well-established legal principle that a statute is presumed to be constitutional unless it is proven to be otherwise.  *Branson School Dist. RE-82 v. Romer*, 161 F.3d 619, 636 (10th Cir. 1998); *Martinez v. Greene*, 28 F.Supp.2d 1275, 1281 (D.Colo. 1998).  A party who challenges the constitutionality of a statute has the burden of proving its unconstitutionality beyond a reasonable doubt. *Eaton v. Jarvis Products Corp.*, 965 F.2d 922, 931 (10th Cir. 1992).  Here, all Plaintiff has done is make arguments to which no one has responded.  Because Plaintiff did not ask the Court to declare the statute unconstitutional, the Attorney General had no reason to respond to his constitutional arguments and LaCabe has no duty to do so.  Plaintiff has not proven anything with regard to the statute's constitutionality.  Thus, the statute remains presumptively constitutional and the parties have stipulated that LaCabe acted pursuant to the mandatory residency

requirement of that statute.[1]  Accordingly, Defendant LaCabe is entitled to judgment as a matter of law.

Further, without a declaration as to the statute's constitutionality, there is no relief this court can grant.  Although Plaintiff originally asked this Court for an order directing LaCabe to disregard the residency requirement of the state statute, in his reply and response briefs, Plaintiff completely abandoned that request.  Instead, he now argues that this Court has equitable powers to fashion whatever relief it finds appropriate, without saying what relief, other than declaratory relief, this Court could fashion.  The only relief Plaintiff mentions specifically is an injunction.  Clearly, this Court has the power to enjoin a government official from implementing or administering an unconstitutional statute.  *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-1232 (10th Cir. 2005); *Ex Parte Young*, 209 U.S. 123, 159 (1908).  However, without a declaration that the statute's residency requirement is unconstitutional, there is nothing to enjoin.

To the extent Plaintiff is now trying to suggest that this Court *sua sponte* could declare a state statute unconstitutional when Plaintiff has not requested such relief and the Attorney General has not been heard on the constitutionality of that

---

[1]  It is certainly fascinating that Plaintiff never acknowledges his own stipulation in this case:  "Defendant LaCabe denied Plaintiff's application for a concealed handgun permit because Plaintiff is not a resident of the state of Colorado, as required by §18-12-203 (1)(a), C.R.S. (2009)."  (Scheduling Order, Doc. 13, p.3).

statute, this unsupported argument is just as absurd as Plaintiff's original argument

that the Court could order LaCabe to disregard a state statute.[2]

Interestingly, Plaintiff offers no explanation for his failure to request

declaratory and injunction relief in his summary judgment motion.  Clearly, this is

not a situation where Plaintiff was unaware of the availability of such relief; his

amended complaint demonstrates otherwise.  This is not a situation where Plaintiff

simply forgot to ask for such relief, as evidenced by the very specific relief

requested in his summary judgment motion:  an order directing LaCabe to

disregard the statute's residency requirement.  Plaintiff has either made a very bad

strategy decision or he intentionally refrained from requesting declaratory relief in

order to avoid any defense of the statute's constitutionality by the Colorado

Attorney General.  Whatever Plaintiff's reasons were for not seeking declaratory

relief, the result is the same:  Plaintiff has forced Defendant LaCabe to respond to a

frivolous motion for summary judgment, forced LaCabe to file a cross-motion for

summary judgment, and forced LaCabe to respond to frivolous arguments,

frivolous because they are not supported by any legal authority.

---

[2]  This suggestion is implied in Plaintiff's response.  However, it is much more explicit in his
reply brief:  "Whether the Court actually issues a declaratory judgment that the statute is
unconstitutional, the Court must conclude that Defendant's conduct (and therefore the statute)
are unconstitutional in order for Plaintiff to receive any relief." (Doc. 20, p. 9).

Defendant LaCabe is the chief law enforcement officer of the City and County of Denver and is sued in his official capacity, which means that Plaintiff's suit is, in reality, a suit against the City and County of Denver. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). In his motion for summary judgment against LaCabe (and the City), Plaintiff's arguments were directed at the state of Colorado and attacked the constitutionality of the state statute's residency requirement. Yet Plaintiff has provided no caselaw from any court anywhere in the United States holding that a <u>municipality,</u> or a municipal officer, has a legal duty (or even a practical ability) to defend the constitutionality of a <u>state</u> statute.

Additionally, Plaintiff offered no legal authority to support his request for a court order directing LaCabe to disregard the statute's residency requirement. Indeed, this request appears to be nothing more than a ruse to avoid a request for declaratory relief. Not surprisingly, Plaintiff has abandoned that request.

He now argues that the Court has equitable powers to fashion some sort of relief, but offers no suggestion as to what relief the Court could fashion, other than a declaration that the statute's residency requirement is unconstitutional with a corresponding injunction, neither of which he has requested. He argues that this Court could grant him relief by concluding the statute is unconstitutional without declaring it unconstitutional, again, without any legal support, and without any explanation as to the legal distinction between a conclusion of unconstitutionality

and a declaration of unconstitutionality. And, to the extend Plaintiff seems to now argue that this Court's equitable powers would include the power to *sua sponte* declare a state statute unconstitutional, when Plaintiff has not requested such a declaration, the Attorney General has not been heard on the constitutionality of the statute, Defendant LaCabe has no duty to defend that statute, and no one has responded to Plaintiff's constitutional allegations, that argument is also without any legal support.

Whatever game Plaintiff thought he was playing, all he has managed to do is shoot himself in the foot. Because Plaintiff did not request a declaration as to the statute's constitutionality, there is no real party in interest to respond to his facial attack on the statute, there is no relief the Court can grant, the statute he tried to challenge remains presumptively constitutional, and the parties have stipulated that Defendant LaCabe acted pursuant to the mandatory residency requirement of that presumptively valid state statute.

The manner in which Plaintiff has proceeded in these cross-motions for summary judgment is not only frivolous, but a complete waste of the Court's time and Defendant's attorney's time. Defendant LaCabe will be requesting attorney's fees, by separate motion, when the time to do so is appropriate.

For all these reasons, Defendant LaCabe is entitled to judgment as a matter of law in his cross-motion for summary judgment.

Submitted this 19th day of July, 2010.

DENVER CITY ATTORNEY'S OFFICE

*s/ Linda M. Davison*

_____

**Linda M. Davison,** #10885
Assistant City Attorney
1200 Federal Blvd., 4th Floor
Denver, CO 80204
Telephone: 720-944-2626
E-mail:  linda.davison@denvergov.org

## CERTIFICATE OF SERVICE

I certify that on the 19th day of July, 2010, I electronically filed the foregoing Reply in Support of  Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

john.monroe1@earthlink.net
diane.dash@state.co.us

*s/ Linda M. Davison*

_____

**Linda M. Davison,** #10885