IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 10-cv-00059-WDM-MEH

GRAY PETERSON,

    Plaintiff,

v.

ALVIN LACABE, in his official capacity as Manager of Safety for the City and County of Denver, and
PETER WEIR, in his official capacity as Executive Director of the Colorado Department of Public Safety,

    Defendants.

**ORDER ON MOTION TO DISMISS AND
CROSS MOTIONS FOR SUMMARY JUDGMENT**

Miller, J.

This case is before me on the Motion to Dismiss Executive Director Peter Weir and Colorado Attorney General's Request to Be Heard (ECF No. 6), filed by Defendant Peter Weir and Colorado Attorney General John W. Suthers, as well as Plaintiff's Motion for Summary Judgment against Defendant LaCabe (ECF No. 17) and Defendant LaCabe's Cross Motion for Summary Judgment Against Plaintiff (ECF No. 19). I have reviewed the pertinent portions of the record and the legal authorities and arguments contained in the parties' briefs. For the reasons that follow, Defendant Weir's Motion to Dismiss will be granted and Defendant LaCabe's Cross Motion for Summary Judgment will be denied. I will reserve ruling on Plaintiff's Motion for Summary Judgment against Defendant LaCabe.

Background

Plaintiff alleges that Colorado's state statutes regarding permits to carry concealed handguns, C.R.S. § 18-12-201 *et seq.*, are unconstitutional as applied to him. Specifically, Plaintiff alleges that the statute requiring an applicant for a permit to carry a concealed handgun be a resident of the state violates the Privileges and Immunities Clause of the United States Constitution, the Second Amendment of the United States Constitution, and the Fourteenth Amendment of the United States Constitution.

Authority to issue concealed handgun permits is granted to the county sheriffs. C.R.S. § 18-12-203. The statute provides that "except as otherwise provided in this section, a sheriff shall issue a permit to carry a concealed handgun to an applicant who . . . (a) Is a legal resident of the state of Colorado." C.R.S. § 18-12-203 (1). Other application criteria include age; ineligibility factors such as criminal convictions, chronic use of alcohol or controlled substances, or being the subject of a protection order; and evidence of competence with a handgun. *Id.* The statute further provides that the sheriff shall "deny, revoke, or refuse to renew a permit if an applicant or a permittee fails to meet one of the criteria listed . . . ." C.R.S. § 18-12-203 (3).

Pursuant to reciprocity principles, Colorado will recognize certain concealed handgun permits issued by other states. C.R.S. § 18-12-213. Plaintiff is a resident of Washington and has a permit issued by the State of Washington but Washington is not among the states with which Colorado grants reciprocity. Plaintiff also has a permit issued by Florida; however, under the statute, Colorado does not recognize permits issued by a state to a non-resident of that state. C.R.S. § 18-12-213(1)(b)(I).

On or about June 2, 2009, Plaintiff filled out an application in Denver County for a

Colorado concealed handgun permit.[1]  Defendant LaCabe is the Manager of Safety for the City and County of Denver and acts as the sheriff of Denver County.  On or about July 2, 2009, Defendant LaCabe sent Plaintiff a letter notifying Plaintiff that Plaintiff's application was denied because Plaintiff was not a Colorado resident.  Defendant Weir, the Executive Director for the Department of Public Safety of the State of Colorado, apparently had no role in the denial of Plaintiff's application.

Plaintiff's lawsuit, filed pursuant to 42 U.S.C. § 1983, asserts several claims for relief.  Plaintiff seeks, *inter alia*, an injunction "prohibiting Defendants from denying nonresidents of Colorado the right to apply for an obtain a [concealed handgun permit], solely on account of their non-resident status."  Amended Complaint (ECF No. 4) at ¶ 62.  He also seeks an injunction "requiring Defendants to give reciprocity and recognition to [concealed handgun permits] issued by other states to nonresidents of such states . . . ."  *Id.* at ¶ 64.  Defendant Weir seeks dismissal of the claims against him on Eleventh Amendment immunity grounds and because he has no enforcement power to issue or deny a permit to carry a concealed handgun in the State of Colorado.  Accordingly, he argues that he does not have authority to implement the actions sought by Plaintiff through this lawsuit.  Defendant LaCabe seeks summary judgment on the grounds that he has no discretion in the granting or denial of a concealed handgun permit and that he is not a proper defendant to defend the statute on behalf of the state.

Attorney General John W. Suthers also seeks the opportunity to be heard regarding the constitutionality of the state statutes pursuant to statute and rule.

---

[1] The parties have stipulated to the facts concerning Plaintiff's application for a permit and the denial of that application.

## Discussion

1. <u>Immunity of Defendant Weir</u>

In general, the Eleventh Amendment immunity is available to agencies deemed to be arms of the state. *Griess v. State of Colo.,* 841 F.2d 1042, 1044 (10th Cir. 1988) (concluding that Eleventh Amendment immunity was not waived for State of Colorado or CDOC). However, immunity does not apply to the extent that a plaintiff seeks prospective declaratory or injunctive relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908). *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007) (under *Ex Parte Young*, "the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself."); *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1233 (10th Cir. 2001). Nonetheless, there must be some connection between the defendant's enforcement power and the law at issue. *Ex parte Young*, 209 U.S. at 157; *Weston v. Cassata*, 37 P.3d 469, 474 (Colo. App. 2001) ("[I]n actions for declaratory or injunctive relief . . . [state] government entities and their officers are properly considered 'persons' under § 1983 so long as they are responsible for the implementation and enforcement of a state statute.").

Although Plaintiff has alleged that Weir is "primarily responsible for administering the recognition and reciprocity of [concealed handgun licenses] issued by other states" (Amended Complaint ¶ 54), I need not accept this allegation as true if it is contradicted by state statute setting forth the scope of an official's authority, of which I may take judicial notice. *See United States v. Coffman,* 638 F.2d 192, 194 (10th Cir.1980) (court may take judicial notice of state statutes). The enabling legislation makes clear that the General

4

Assembly placed the authority for implementing and administering the state's concealed handgun law solely with local sheriffs, not with Defendant Weir. C.R.S. § 18-12-201(3) ("the general assembly hereby instructs each sheriff to implement and administer" the statutory provisions concerning concealed handgun permits). Plaintiff cites no provision of law showing that Weir has any authority or ability to provide the relief sought by Plaintiff and I find none. Accordingly, Defendant Weir's motion should be granted.

Dismissal of Defendant Weir is without prejudice to substituting or naming an alternative defendant to represent the State of Colorado, if appropriate.

2. <u>Opportunity for Attorney General to be Heard</u>

The Attorney General of the State of Colorado seeks an opportunity to be heard on the constitutionality of the statute. I interpret this as a request to intervene to present evidence and argument on the question of the constitutionality of the Colorado statute pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1(c). The statute permits the state to intervene while the rule permits the attorney general in his or her own name to intervene on behalf of the state. Given that authority, the Colorado Attorney General has the unconditional right to intervene pursuant to Rule 24(a)(1). Accordingly, the Attorney General shall be permitted to intervene on behalf of the State of Colorado in his own name and to respond to Plaintiff's motion for summary judgment.

3. <u>Plaintiff's Motion for Summary Judgment</u>

I will reserve ruling on this motion until briefing is complete. Within 30 days of the date of this order, the Attorney General shall file a response to Plaintiff's Motion for Summary Judgment; Plaintiff may thereafter file a reply brief in accordance with the local rules of this court.

### 4. Defendant LaCabe

In Plaintiff's Motion for Summary Judgment, he asserts that Defendant LaCabe's denial of the permit violated Plaintiff's constitutional right to travel, violated Plaintiff's rights under the Privileges and Immunities clause of the United States Constitution, and violated Plaintiff's rights under the Second Amendment. Plaintiff presents various legal arguments regarding the residency requirement and his constitutional challenges to it. As relief, he requests that Defendant LaCabe "should be ordered to disregard Plaintiff's residency status and process Plaintiff's [concealed handgun permit] accordingly." Pl.'s Mot. for Summ. J., ECF No. 17, at 14.

In response, Defendant LaCabe does not address Plaintiff's constitutional arguments on the merits but rather asserts that LaCabe is not a proper defendant and/or was acting only in a ministerial capacity without the ability to exercise discretion in denying the application. He argues that Plaintiff's constitutional arguments are directed at the state, but that LaCabe is not a representative of the state. LaCabe contends that Plaintiff's arguments amount to a facial challenge to the statute, not an as-applied challenge, and that Plaintiff must seek a declaration that the statute is unconstitutional. Therefore, LaCabe notes that Plaintiff cannot receive the relief requested, *i.e.*, a mandatory injunction ordering LaCabe to process Plaintiff's handgun permit application, absent such a declaration.

I am not entirely persuaded by LaCabe's contention that he is not a proper defendant in this action. I note that a basic element of standing for Article III purposes is an injury "fairly traceable to the challenged action of the defendant" and a likelihood that the injury will be redressed by a favorable decision. *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007). Here, it is undisputed that LaCabe is the responsible official in

enforcing the statutory scheme in Denver. Moreover, LaCabe's action in denying Plaintiff's application is the cause of Plaintiff's alleged injury (inability to obtain a concealed handgun permit) and a favorable decision will redress the injury. Therefore, for the purposes of Article III standing, it appears that LaCabe is an appropriate defendant.

Moreover, that LaCabe could not exercise discretion does not necessarily bar an action against him. *See, e.g., Finberg v. Sullivan,* 634 F.2d 50, 54 (3d Cir. 1980) (examining whether, under *Ex Parte Young*, local officials enforcing statutory scheme were proper defendants and concluding that the fact that their duties were entirely ministerial was not a defense to liability; "Under *Ex Parte Young* the inquiry is not the nature of an official's duties but into the effect of the official's performance of his duties on the plaintiff's rights"). The court in *Finberg* similarly rejected any notion that the defendants did not have a sufficient interest in the constitutionality of the rules to be adverse to the plaintiff, similar to what LaCabe argues here. *Id.* ("Once the [local officials] have relied on the authority conferred by the [state] procedures to work an injury to the plaintiff, they may not disclaim interest in the constitutionality of these procedures."). Accordingly, I disagree that the motion for summary judgment should be denied on this basis.

LaCabe has provided no legal authority to show why he cannot address the constitutional arguments presented by Plaintiff regarding the statute. Nonetheless, given that the Attorney General is now a party and will presumably respond to these issues, I will also reserve ruling on Defendant LaCabe's liability.

Defendant LaCabe's Cross Motion for Summary Judgment is based on the same

arguments as his response brief and, for the reasons set forth above, will be denied.

Accordingly, it is ordered:

1. The Motion to Dismiss Executive Director Peter Weir and Colorado Attorney General's Request to Be Heard (ECF No. 6) is granted .

2. All claims against Defendant Peter Weir shall be dismissed.

3. John W. Suthers, Attorney General for the State of Colorado, is a party to this action as an intervenor.

4. The Attorney General may file a response to Plaintiff's Motion for Summary Judgment against Defendant LaCabe (ECF No. 17) within 30 days of the date of this order and Plaintiff may file a reply brief in accordance with D.C.COLO.LCivR 56.1.A..

5. Defendant LaCabe's Cross Motion for Summary Judgment Against Plaintiff (ECF No. 19) is denied.

DATED at Denver, Colorado, on October 20, 2010.

BY THE COURT:

s/ Walker D. Miller  
United States Senior District Judge