# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 10cv-00059-WDM-MEH

GRAY PETERSON,

    Plaintiff,

v.

ALVIN LACABE, individually and in his official capacity as Manager of Safety for the City and County of Denver,

    Defendant,

JOHN W. SUTHERS, Attorney General for the State of Colorado,

    Intervenor.

---

### AFFIDAVIT OF JAMES SPODEN

---

I, James Spoden, being duly sworn, hereby state the following:

1. I am over the age of eighteen years.

2. I have personal knowledge of the matters set forth herein.

3. I am employed as the InstaCheck Data Supervisor at the Colorado Bureau of Investigation ("CBI"). I have been employed in this capacity since 2002. (I have been a Unit Supervisor since 2002, but was selected to run the CHP program when the law went into effect in 2003).

4. In my capacity as the InstaCheck Data Supervisor, I am familiar with the qualifications for the issuance of concealed handgun permits ("CHP") under Colorado law. I am

1

also familiar with the procedures that CBI and other law enforcement agencies follow in order to ensure the qualifications of CHP permit applicants.

5. Under Colorado law, county sheriffs are responsible for accepting and reviewing CHP applications and, where appropriate, issuing concealed handgun permits. When a sheriff's office accepts an application, it forwards two sets of the applicant's fingerprints to CBI for state and federal processing.

6. Upon receipt of the fingerprints, the CBI Identification Unit runs state and federal fingerprint checks and forwards the results to the InstaCheck unit.

7. Based on the forwarded information, the InstaCheck Unit performs a background check to determine whether the applicant may possess and/or purchase a firearm pursuant to federal law and Colorado law.

8. The background check involves access to the following five state and national databases:

    a. NICS is the FBI's National Instant Criminal Background Check System. NICS is required by federal legislation that requires background checks for prospective firearm purchasers. The FBI NICS Index consists of information and records, generally not found in III or NCIC, pertinent to an individual's eligibility to purchase a firearm. All entries in the FBI NICS Index represent records for individuals federally prohibited from possessing, receiving or purchasing firearms.

    b. ICON is the Integrated Colorado Online Network. It is available only to Colorado authorities and contains criminal, civil, and juvenile records from Colorado state courts.

    c. NCIC is the National Crime Information Center. This system consists of a nationwide, computerized database of criminal justice information. Among other things, it contains records of federal and some state crimes, nationwide arrest warrants, protection orders, sex offender registrations and additional criminal justice records maintained by state and federal law enforcement authorities.

    d. CCIC is the Colorado Crime Information Center. This system consists of a statewide computerized database of Colorado criminal justice records and information. Among other things, it contains both criminal and civil records that are available to Colorado authorities only.

    a. III is the Interstate Identification Index. This system consists of criminal history records on individuals who have been indicted, arrested and or prosecuted for criminal offenses throughout the country.

9. Despite the existence of nationwide databases such as NICS, NCIC and III, many records kept solely at the state level – and available only to state or local authorities – are highly relevant to a CHP applicant's eligibility for a permit. In Colorado, for example, booking fingerprints may not always be submitted to the CBI or to the FBI. Nonetheless, information associated with an arrest, summons or criminal charges may appear in ICON whether or not fingerprints are submitted. Likewise, a search of ICON may return hits for protection or restraining orders located in civil cases, especially older dissolution of marriage records, which

3

may only be found in the ICON judicial database. Additionally, other searches of the ICON database may show that a Colorado resident has been determined to be a danger to themselves or the community in a criminal case. This information, while critical to determining whether a CHP applicant may be a danger to himself or the community, is available only to Colorado authorities.

10. Other states have similar limitations. Excluding submissions that may have been made to the federal systems – NCIC, III and NICS – the InstaCheck Unit does not have the ability or authorization to access the criminal justice or judicial databases of other states. Thus, although a non-resident CHP applicant may have a history that, if known, would disqualify him from obtaining a CHP in Colorado, state law enforcement authorities would have no way of acquiring information about that history if it occurred in another state.

11. For example, under Colorado law juvenile felony adjudications are a disqualifying factor for a CHP. They are not, however, a disqualifying factor under federal law and so do not appear in the NICS database. As a result, they are available only on state-maintained databases. In Colorado, this means that law enforcement officials from other states cannot access ICON or CCIC to determine whether an individual has a juvenile felony adjudication. Likewise, Colorado authorities cannot access the databases of other states to assess whether a CHP applicant has any adjudications that are not reported to the national databases but would nonetheless be disqualifying factors for the issuance of a CHP under Colorado law.

12. In addition to the examples provided above, another limitation or difference would be related to the flagging of the fingerprints for Colorado CHP holders in the CCIC system. This system allows the issuing agency to be immediately notified, via a subsequent

arrest notification sent through the CCIC system, if their permit holder's criminal history reflects a recent arrest or revision of their Colorado Criminal History. This allows us to ensure the ongoing eligibility of CHP holders who are issued permits by the state. However, if we had to issue CHPs to non-residents, their prints would be flagged for subsequent arrests occurring in Colorado only and we wouldn't have the ability to monitor their law enforcement contacts in their actual state of residence.

13. This lack of interstate access to critical information was highlighted in 2007 testimony in front of the General Assembly. The bill under debate when that testimony was provided closed a loophole in Colorado's CHP law that allowed Colorado residents who were denied a CHP in Colorado to acquire a CHP from a reciprocity state that did not require residency. As a result of the loophole, many CHP applicants who were denied permits in Colorado simply went to a state that does not require residency for CHP permits, such as Florida or Utah. Those states would run national background checks, but in most cases would not have access to the local and state information upon which Colorado authorities had based the denial of the Colorado permit. Without that information the permit would be issued by the foreign state and, due to a reciprocity rule that recognized permits issued to non-residents of the issuing state, Colorado residents who had been denied a CHP based on concerns about public safety were nonetheless able to acquire a permit that Colorado was forced to honor.

14. Although I understand that Colorado's reciprocity rules are not being challenged in this case, the situation described above demonstrates the problems inherent in issuing CHP permits to non-residents. Simply put, the Colorado statute requires residency because it is virtually impossible to evaluate a non-resident CHP applicant's background thoroughly enough

5

to determine that the applicant, if granted a CHP, will not be a danger to himself or the community.

FURTHER AFFIANT SAYETH NAUGHT.

STATE OF COLORADO        )
                         ) SS.
CITY AND COUNTY OF DENVER )

_____
James Spoden

Subscribed and sworn before me on this 9th day of December, 2010.

[Notary Seal: DEBORAH A GORTON, Notary Public, State of Colorado, My Commission Expires Oct 7, 2012]

_____
NOTARY PUBLIC

My Commission Expires: October 7, 2012